## McManus, Appellant, *v.* Philadelphia.

| | |
|---|---|
| 201 | 619 |
| 207 | 627 |
| 201 | 619 |
| 205 | 330 |
| 201 | 619 |
| d211 | 399 |

*Municipalities—Municipal contracts—Contract in writing—Additional work—Act of June 1, 1885, P. L. 37.*

Where a contractor agrees in writing with the city of Philadelphia for a sum stated to build a police and fire patrol station, and in the progress of the work, in obedience to parol instructions from the city architect puts in heavier girders of a more expensive character than the contract called for, so as to comply with the city building regulations, and also in pursuance of parol instructions from the same official, puts in a more expensive building stone than that required by the specifications, because the latter was not obtainable, the contractor cannot recover the increased costs of these items from the city, inasmuch as the changes in the contract were not made in the manner provided by article 14 of the Act of June 1, 1885, P. L. 37, which enacts that "all contracts relating to city affairs shall be in writing, signed and executed in the name of the city."

MITCHELL and FELL, JJ., dissent.

Argued Jan. 20, 1902. Appeal, No. 187, Jan. T., 1901, by plaintiff, from order of C. P. No. 1, Phila. Co., Sept. T., 1898, No. 18, sustaining exceptions to report of referee in case of Michael McManus *v.* City of Philadelphia. Before McCOLLUM, C. J., MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Exceptions to report of George W. Harkins, Esq., referee.
The facts are stated in the opinion of the Supreme Court.

*Errors assigned* were in sustaining exceptions to report of referee.

*E. H. Hanson*, with him *F. B. Bracken* and *John J. Clarke*, for appellant, cited : Cunningham v. Fourth Baptist Church, 159 Pa. 620.

*Chester N. Farr, Jr.*, assistant city solicitor, with him *John L. Kinsey*, city solicitor, for appellee, cited : Malone v. Phila., 147 Pa. 416; Addis v. Pittsburg, 85 Pa. 379; Hepburn v. Phila., 149 Pa. 335; Filbert v. Phila., 181 Pa. 530.

OPINION BY MR. JUSTICE DEAN, February 24, 1902 :

McManus, the appellant, on April 17, 1894, made a written contract with the city to build a police and fire patrol station on Fairmount avenue for the round price of $27,980. It was to be built according to plans and specifications which were appended to and made part of the contract. Then appears this clause in the contract :

" It is further understood and agreed that this contract is entered into under and subject to the provisions of the act of assembly . . . . entitled ' An act to provide for the better government of cities of the first class in this commonwealth approved the first day of June, 1885.' "

There was also this stipulation :

" It is further distinctly understood and agreed, that the total amount to be expended for the work to be done under this contract, shall in no event exceed the sum of twenty-seven thousand nine hundred and eighty dollars."

It was further agreed that all the work done and materials furnished should be subject to the inspection and approval of the director of the department of public works for the city.

During the progress of the work, it is alleged, by McManus, that it was discovered, the specifications in some particulars violated the city building regulations, and these were changed at considerable expense to him, under the directions of the city architect so as to conform to them. Another of the speci-

fications called for a kind of building stone not obtainable; so another kind at an additional expense, under the instructions of the same officer was purchased; that other modifications more costly to the contractor were made under the directions of the same city officer.

The city paid to the contractor the entire contract price, less the sum of $416, which it claimed the right to deduct because an item of tile work, estimated at $1,800, in the contract, had only cost the contractor $1,384. The changes, substitutions and additions to the specifications made by the contractor amounted to $2,811, for which he demanded payment; the city denied, (1) that such changes had been authorized by its subordinate officers, the architect and his assistants; (2) it denied any authority on the part of these officers to permit such changes, even if they had been permitted by them. Thereupon McManus brought this suit. The issue was referred to George W. Harkins, Esq., to find the facts and decide the law, under the act of May 14, 1874. After a full hearing of the testimony, he awarded to plaintiff the sum of $2,972, very nearly including balance due on contract, the amount of his claim. The city filed exceptions to the referee's report in the court below; all of them were sustained, except the one to the allowance of $416, the balance of the contract price, and judgment was entered for this amount with interest, making $569.92. From the decree of the court sustaining the exceptions to all charges, for additions and alterations, McManus brings this appeal, alleging the decree to be erroneous.

The gist of plaintiff's case is very clearly set forth by the referee in his report. The evidence was contradictory, but from the weight of it, the referee finds that all the changes and additions made by the contractor were made by the directions of the city architect and his assistants and that they were properly made. Therefore, we assume the facts to be with the appellant. The question then, that confronts us is, under the contract and the law, is the city under a legal obligation to pay for the changes? We start with the express stipulation in the contract, " The work to be done under this contract shall in no event exceed the sum of twenty-seven thousand nine hundred and eighty dollars." This being the round sum at which McManus agreed to erect the building. But suppose the city,

after the contract has been awarded and the work has been commenced desires to make alterations and changes, either in plans or materials which will enhance the cost, how shall that end be reached? There is no reason why such alterations and changes should not be made, if the city deemed them necessary or desirable. At this point the act of June 1, 1885, which is expressly made part of the contract points the way to the desired end. By article 14 of this act it is provided that "all contracts relating to city affairs shall be in writing signed and executed in the name of the city." Two natural persons may make a contract, and afterwards change, alter and amend any part of it by parol; but if a municipal corporation has restricted its power, either by its own law, or is restricted in power by a law of the commonwealth, it cannot transgress either law. And where a power to change a contract, such as this exists, as it does exist in the city, it must be exercised in the manner pointed out by law. By the 14th article of the act of 1885, we said in Malone et al. v. Philadelphia, 147 Pa. 416: " This section is mandatory, and therefore no contract can be made by the city otherwise than in writing. But it would be vain to put such prohibition upon the city government if, when executing a contract with all the required solemnities, it could delegate to a subordinate authority to waive or vary its terms by oral agreement or loose conversation. In case of such parol alteration, if effectual, the contract would not be in writing as required by the statute." And to the same effect are the cases, Hepburn v. Phila. 149 Pa. 335, Filbert and Porter v. Phila., 181 Pa. 530, and other cases. The learned judge of the court below relied on the law as announced in these cases in sustaining the exceptions, and he was clearly right.

The referee in declining to follow the cases cited undertakes to distinguish them from the one before us on their facts, but in this he fails. True they do not present throughout the same facts, but on the main fact there is no difference ; in each, except in the case of Filbert and Porter v. Phila., supra, the contractor sought to enforce a liability of the city on parol directions, outside the contract, from subordinate officers of the city; the latter in each case successfully invoked the act of 1885 and defeated recovery on the parol modifications of the written contract. A recovery in the Filbert and Porter case was allowed,

with great reluctance, and no uncertain censure of the city methods, because there was written authority in the written contract to the city-officers to make changes. The real reason the referee gives for disregarding the decided cases is as follows :

" But in view of the great injustice that would follow its application under the peculiar circumstances of the present case, such a most inequitable decision should be avoided, if justly it can be. These changes were not made by the contractor of his own motion, he did not voluntarily depart from the prescribed conditions of his contract, and is not responsible for the departure from them. They were the outcome either of the errors and mistakes of the department itself, or of unforeseen happenings, or of exigencies that developed in the progress of the work. They were made with the approval of the officers of the department and he has borne the expense thereof out of his own pocket. The city has had, and now is enjoying the advantage of them, and there is no just reason why she should not pay for them. Swift and vigorous condemnation would follow repudiation of such a liability by a private individual, and it is difficult to understand why a different code of ethics should prevail in the case of the city."

The reason why the same code does not apply in the case of a municipality is, that it is not the law. The very reason too, of the law is, that municipal corporations should not be made answerable for money, on sentiment, but only for contract liability under the law. A strict adherence to this rule is the only protection which such corporations can invoke.

The decree of the court below overruling exception to the award to plaintiff, $569.92 is affirmed and the decree sustaining exceptions of city to balance of award is affirmed.

Mr. Justice Mitchell, dissenting :

It clearly appears that plaintiff furnished iron girders and supporting walls of a more expensive character than the contract and specifications called for. This, however, was not done either as a voluntary change by him or under a mere parol agreement between him and the city officers, but under compulsion of the statute law, at the command of the building inspectors. This feature in my opinion distinguishes this case from those decided under the act of 1885. The building laws

were applicable and mandatory and could not be set aside by the contract. Obedience to them was compulsory. As to ·these items I would reverse the judgment and find for the :plaintiff.

ₒ FELL, J., joins in this dissent.