His Honor, CHARLES F. CLAIBORNE,
rendered the opinion and decree .of the Court, as follows:
Plaintiff claims the ownership of an automobile seized by the defendant, acting as sheriff, as the property of James S. Patterson. The facts are as follows:
In the suit No. 586 of the District Court of the Parish of St. Charles entitled Bloch Brothers vs. Patterson & Triche, Bloch Brothers obtained a judgment for a certain sum of money on July 12th, 1915, against James S. Patterson; on July 15 he moved for a new trial, which was refused on November 3rd.
Thereupon he signed the following document:
“Hahnville, La., Nov. 9th, 1915.
“Received from Layous Gassen the sum of two hundred and fifty dollars payment in full for one automobile; it is hereby agreed for me to use the machine for my personal use during my campaign, $250.00.
(Signed.) “J. S. Patterson.”
J ames Patterson was on the date of that instrument the Sheriff of the Parish of St. Charles, and. Layous Gassen was one of his deputies and his bookkeeper.
Immediately after, the expiration of the ten days from the refusal of the netv trial, or as soon as plaintiff thought *364 lie had a right so to do, namely, oh November 16th, 1915, he issued, an execution and under it the coroner, acting as sheriff in place of Patterson, seized the above mentioned automobile as the property of James S. Patterson and took it in his possession.
On December 3rd, .1915, Layous Gassen lodged with the coroner an affidavit in which he claimed the ownership of the automobile for having acquired it from James S. Patterson by the document of November 9th, 1915, copied above.
Bloch Brothers, having furnished bond, the coroner persisted in his seizure.
Thereupon Gassen, on December 9th, 1915, filed another affidavit in which he swore that at the time he purchased the automobile from Patterson he ‘ ‘ was under the honest impression and belief that said Jas. S. Patterson was the rightful owner of said automobile and had a perfect and legal right by virtue of said representation of ownership to transfer and sell the said automobile to affiant; that on the 6th day of December, 1915, one W. D. Wichter, of Oklahoma City * * * appeared at the District Court and claimed the ownership of said automobile, as agent of the firm of Thomas & Keeney, that he, your affiant, after investigating the matter was convinced that on account of a misunderstanding as between Jas. S. Patterson and the said W. D. Wichter, the said W. D. Wichter had not considered the sale as between said Jas. S. Patterson and W. D. Wichter consummated, your affiant then and there repurchased the said automobile from the said W. D. Wichter, acting as agent for the said Thomas & Keeney, for the price and sum of two hundred and fifty dollars, cash, which amount-was paid to and accepted by the said W. D. Wichter; affiant now deposes *365 and says further that the Coroner of the Parish of St. Charles has in his possession the said automobile and that he, your affiant, by reason of his purchase of said automobile from the said W. D. Wichter, agent, is the bona fide owner of said machine having purchased the same for the price and sum of two hundred and fifty dollars.
‘ ‘ Signed. ’ ’ Layous Gassen.
Bloch Brothers furnished another bond to meet this second claim and the coroner proceeded to advertise the automobile for sale. Whereupon Gassen filed a petition praying for an injunction against the sale. He alleged the seizure and advertisement for sale of the automobile; he averred “that said automobile is not and does not belong to * * * James S. Patterson * * * but is the property of your petitioner by reason and virtue of 'a certain bill of sale executed by one W. D'. Wichter acting as agent for Thomas & Keeney, of Oklahoma City in the State ot Oklahoma; * * * that the said property is worth the price and sum of $250, the price and sum paid by petitioner to said Wichter, agent of Thomas & Keeney, as per the bill of sale annexed hereto and made part hereof,” and he prayed for judgment setting aside the seizure of said automobile which he claimed as his personal property and for damages.
The bill of sale annexed is in the following words:
“Hahnville, La., Dee. 6th, 1915.
“'This is to certify that I, W. D. Wichter of Oklahoma City, Oklahoma County, State of Oklahoma, have the right to sell, convey, and deliver one model T Ford touring car, Motor No: 896,384, the same being the property of Thomas & Keeney, a co-partnership composed of T. Thomas and T. E. Keeney, and that I do this day, the sixth of December, deliver, *366 sell and convey, model T Ford tonring car, Motor No. 896,384 to Layons Gassen. The within described property being stolen from Oklahoma 'City, Oklahoma County, State of Oklahoma, on the 30th day of September, 1915, by one Everett P. Mason and the within described property belonging to Thomas & Keeney, the co-partnership composed of T. Thomas and T. E. Keeney, they, the said Thomas & Keeney, relinquishing the said model T Ford touring car, Motor No. 896,384, to Layons Gassen for the sum of two hundred and fifty dollars ($250.00). This the sixth day of December, 1915.
(Signed) “W. D. Wichter.”
The coroner answered that the automobile was the property of Patterson, that the sale by him to Gassen was a, simulation; that the sale by Wichter to Gassen was illegal and unauthorized by Thbmas & Keeney who had already sold the automobile to Patterson, and that on the day of said sale the automobile was under seizure and could not be delivered and was therefore null and void; he denied that $250 was paid by Gassen to Wichter, and if so paid was a simulation whereby Thomas & Keeney derived no benefit; and he asserts the validity of the seizure.
There was judgment in favor of the coroner decreeing the automobile the property of Patterson and not the property of Layons Gassen and decreeing the sale by Patterson to Gassen as null and void.
From this judgment Gassen has appealed.
We have seen that notwithstánding the pretended sale by Patterson to Gassen the possession of the automobile did not change because it was agreed that Patterson should continue to use it during his campaign. Under such circumstances the law presumes the sale simulated *367 and imposes upon the purchaser the burden of establishing the reality of the sale. U. C., 2480 (2455). Gassen is tne only witness in his behalf. He confirms his ahidavic of December 9th. He produced. a check for $kl/.uu drawn by Patterson to the order of Wichter on November 4th, as the purcnase price; this check: is endorsed by Wichter and by Thomas & Keeney and bears the collection stamp of banks in Oklahoma, Kansas, Bt. Louis and New Orleans, and was paid on December 13th. He also filed his own check for $250 dated November 9th, to the order of Patterson which appears to have been paid on November 20th. But he also introduced in evidence a third check dated December 6th for $250 drawn by Patterson to the order of Gassen. This check is endorsed by -Gassen, then by Wichter, and lastly by Patterson. He explains this last check by saying that when he was informed of the misunderstanding between Patterson and Wichter, Patterson returned him the price of the machine with.the $250 check of December 6th, ,and he thereupon bought the machine from Wichter for $250 and gave him in payment Patterson’s check of $250 which he endorsed over to Wichter, and which Wichter endorsed and collected an returned to Patterson $217.50.
His counsel states that the signature of Patterson on the back of the check was placed there to identify Wichter at the bank. It is strange that if there had been a misunderstanding between Wichter and Patterson concerning the price, that Wichter .and Thomas & Keeney should both have endorsed and collected Patterson’s, check for $217.50. It is also strange that Gassen should have surrendered without a struggle the title he held from Patterson anterior to the seizure, to take one from Wichter, after the seizure, and while the machine was in *368 the possession of the coroner, when he could get no possession, and no machine without litigation. Persons as a rule do not buy a certain lawsuit.' It is also strange that the parties should have adopted this circuitous method of correcting this error in the price by the issuance of this check' of $250 by Patterson to Gassen, when Patterson might have smoothed all difficulties by simply paying "Wichter the difference between $250 and $217.50, in .a check to his order or in currency. All these transactions seem suspicious. It was in the power of Gas-sen to clear away all doubts by producing as a witness his original vendor and employer, the sheriff himself, James S. Patterson. He has failed to do so; the presumption is that Patterson would not have corroborated him.
Opinion and decree, May 8th, 1916.
“When circumstances are established sufficient to throw doubt upon the reality of the sale, the burden of proof is shifted to the parties who know the facts and can establish them by their evidence. When, under the circumstances, they fail to furnish the evidence clearly within their power, all the presumptions of law are against them.”
King vs. Atkins, 33 A., 1057 (1065); Carroll vs. Cockerham, 38 A., 823; 41 A., 866; Pruyin vs. Young, 51 A., 320; 11 Am. Eng. Ency Law, 503 (2).
The Judge of the District Court decided that Gassen was not the owner of the automobile and we believe his .judgment is correct.
Judgment affirmed.