## Holter, Appellant, v. School Dist. of Patton.

*Public schools—Contract with teachers—School term—Liability of school board—Act of May 18, 1911, P. L. 373 (School Code), sections 1205-1206.*

A school board which contracted with a teacher to teach in a school under its control "for the term of nine months, at a compensation of $50 per month, to be paid monthly," and in the contract stipulated that the school should open August 28, 1916, is liable under such contract to pay the teacher her full salary commencing August 28, 1916, although the schools were not actually opened until October 2, 1916, because of an epidemic of infantile paralysis.

Section 1206 of the School Code, which provides that when a board of school directors is compelled to close a school on account of contagious disease, etc., the school district shall be liable for the salaries of the teachers of such schools for the terms for which they were engaged "unless otherwise provided in their contracts of employment" clearly establishes the liability of the school board for the full term of the employment contract, in the absence of any stipulation or provision relative to reductions of compensation because of the closing of the schools.

Argued April 21, 1919.   Appeal, No. 33, April T., 1919, by plaintiff, from judgment of C. P. Cambria Co., March T., 1918, in favor of defendant on case stated in the suit of Thomasine Holter v. The School District of the Borough of Patton.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ.   Reversed.

Action in assumpsit on a contract of employment, with an agreement in the nature of a case stated, submitted for judgment in the nature of a special verdict.   Before MOSER, J.

The facts are stated in the opinion of the Superior Court.

The court entered judgment, on the case stated, in favor of the defendant.   Plaintiff appealed.

*Error assigned* was the decree of the court.

*John E. Evans,* and with him *Charles S. Evans,* for appellant.

*Philip N. Shettig,* and with him *M. D. Kittell,* for appellee.

OPINION BY PORTER, J., October 13, 1919:

The plaintiff brings this action of assumpsit to recover a balance alleged to be due her as a teacher in the public schools of the defendant school district.   The parties agreed upon the facts, in a case stated which will appear in the report.   The defendant is a school district of the fourth class, and the written contract between the parties was executed in the manner required by the 1205 section of the School Code of May 18, 1911, P. L. 373. The parties covenanted "that said teacher (the plaintiff) shall, under the supervision and exclusive direction of said board and their successors,......teach in Patton Borough Public Schools for the term of nine months, at a

compensation of fifty dollars per month, to be paid monthly." The contract provided that, "School shall open August 28th, 1916," the contract was entered into June 17, 1916. This was a definite employment of the plaintiff as a teacher for a term of nine months, beginning August 28, 1916. When the time for opening the schools approached the weather was very warm and infantile paralysis was prevailing in the community, and for this reason the board of school directors of the district resolved not to open the schools until September 11th, and through the secretary notified the plaintiff of this action. On August 28, 1916, the school board of the district caused the plaintiff to be notified by its secretary that the State Board of Health had issued an order deferring the opening of the public schools until September 18th and that unless she received further notice the schools would open on that date, and to this notice was added the statement: "In case further postponement is ordered by the State Board of Health we will have to conform to their orders, hence you will be guided accordingly. Watch the newspapers." The State Board of Health did subsequently duly order the public schools of the State, because of the prevalence of infantile paralysis, to remain closed until September 29th, and the schools of the defendant district were not opened until October 2, 1916. It is expressly agreed by the parties that the plaintiff was ready and willing to perform her services as teacher during the time that the schools were closed, from August 28th to October 2d. The question presented is, was the plaintiff entitled to recover compensation as a teacher for that part of the term for which she was engaged during which the board of school directors was compelled to close the schools on account of the prevalence of contagious disease? The court below entered judgment in favor of the defendant, from which we have this appeal.

The School Code not only required this contract to be in writing, but declared the consequences which must follow the omission from it of any provision for such a

contingency as in this case occurred.   Section 1206 provides that: "When a Board of School Directors is compelled to close any school or schools on account of contagious disease, the destruction or damage of the school building by fire, or other causes, unless otherwise provided in their contracts of employment, the School District shall be liable for the salaries of the teachers of such school or schools for the terms for which they were engaged."   The parties to this contract knew this to be the law, and their failure to embody in the contract any covenant as to what should be the consequence in case the directors were compelled to close the schools can have but one result.   The rights of these parties are precisely the same as if they had written into this contract a covenant that in case the directors were compelled to close the schools on account of contagious disease, or for other causes, the plaintiff should be paid her salary for the term for which she was engaged.   It is argued that the concluding words of the section above quoted, "for the terms for which they were engaged," mean the school term for the year and that the directors had a right to determine when it should begin.   With this contention we cannot agree.   The term for which a teacher is engaged is to be determined by his or her written contract.   Section 1204 of the statute expressly provides that teachers holding certain certificates may be elected for any length of time not exceeding three years, while section 1209, which deals with teachers who refuse to serve for the term for which they are engaged, uses the words "during the term of said contract."   All of the sections of Article XII of the statute render it clear beyond question that when it speaks of a term of a teacher it means the term provided for in his or her written contract.   It is further contended that the plaintiff is not entitled to recover for the reason that she did not, on August 28, 1916, go to the school building or to the board of school directors and make a formal demand that she should be permitted to teach.   There is no merit in this contention.   The contract required the

plaintiff to teach, "under the supervision and exclusive direction of said Board," during the term for which the parties covenanted. It is expressly agreed in the case stated that this plaintiff was ready and willing to teach during all the time that the schools remained closed, and that is all, under the terms of the contract that could be required. The board had the lawful right, under existing conditions, to order the schools to be closed and the plaintiff to stay away from the school buildings and their doing so did not constitute a violation of the contract or modification of its terms. The terms of the contract and the provisions of the statute which authorized it gave the school board the right to do what they did, and the only duty of the plaintiff was to obey. The suggestion that the section of the statute here involved ought not to be held to apply to this case, for the reason that the epidemic of infantile paralysis, which prevailed in 1916, caused the closing of all the schools in the State, and that such an event was not contemplated by the legislature when the statute was enacted; is without force. The statute was not hastily drafted, it was prepared with great care and those who compiled it brought to their task the aid of wide experience and careful study. It did not arbitrarily declare that the salaries of all teachers should continue to be paid during the time that the board of school directors should be compelled to close the schools, but invested in every board of school directors of the State the power to guard against any event of that character by incorporating in their contracts with the teachers proper covenants. The plaintiff was, under the terms of the written contract, and the provisions of the statute thereto applicable, entitled to compensation for the period during which the school remained closed, judgment should, therefore, be entered in her favor for the amount stipulated for, under the terms in the case stated.

Judgment is reversed and judgment is now entered in favor of the plaintiff and against the defendant for $62.50, with costs.