## Hayes v. Ridley Township School District

*E. A. Howell* and *Ledward & Hinkson*, for plaintiff.
*William Cloud Alexander*, for defendant.

MacDade, J., July 12, 1933.—This matter comes before us for consideration in the form of a case stated. . . .

We are called upon to decide whether teachers of public schools who concededly taught and efficiently discharged their full duties as such beyond the usual school term for the years 1932-1933, on account of the closing of the schools in Ridley Township last September by the local boards of health, because of the infantile paralysis epidemic, are entitled to extra compensation. This teacher, for herself and others in a similar class of persons in Ridley Township School District, has raised the issue that she and the others should be paid for teaching services for a period of 18 days after the expiration of the date or term mentioned in the written contract which she entered into with the said school district under the terms of the School Code. There is not claimed to be any irregularity or illegality in this respect.

It would appear that the said written contract entered into by the said school district with this plaintiff as a teacher called for the teaching term to commence on September 6th last for the school term of 1932-1933. This teacher and all the other teachers of the said district and the eligible pupils of the same reported at the various schools therein on this date.

The following morning, September 7th, the public schools were closed by order of the township board of health. Instead of finishing the school term on May 29, 1933, the scheduled time, school sessions in the respective schools were continued under instructions from the Department of Education at Harrisburg (which has statutory authority) until June 23, 1933, even though the graduating class had its commencement on the evening of June 1st.

It would appear also that this plaintiff and the other efficient teachers have been paid for the 180 days called for in said written contract or contracts, but nevertheless they have not been paid for the extra 18 days required because the State Department of Public Instruction had insisted, against the protest of the said school district, that the school should be kept open until June 23, 1933, claiming that was the only date to be regarded as completing the full term of 180 school days. The plaintiff is simply asking for compensation upon the same basis of pay as the written contract has provided. She and the others claim that the full teaching (school) term expired May 29th last, for she and the others were notified by the school board of the said district to report every day for duty notwithstanding the action of the said board of health in ordering the schools closed, and they did, notwithstanding the pupils were not permitted to attend but the buildings remained open, constantly attend and perform such duties as teachers under the written contracts as required by the school district.

It would appear that a somewhat similar situation arose in Westmoreland County, where Judge Copeland made a ruling in Stump v. School District of Hempfield Township, 46 Pa. C. C. 621, wherein he said that the school board has no authority to pay for the teaching outside of the written contract.

However, while this ruling may be correct under the facts of that case, yet the decision was rendered before the amendment to the School Code on May 23, 1919, P. L. 260.

The latter act was undoubtedly intended to remedy the unfortunate situation in the case of Stump v. Hempfield Township School District, supra (and school teachers are usually poorly paid for the substantial educational and patriotic work they perform), and perhaps, in Holter v. School District of Patton, which was decided in the Court of Common Pleas of Cambria County as of March Term, 1918, and Gumaer v. Dalton School District, 21 Lack. Jur. 85. It will be seen from these decisions that there was really a necessity for this amendment. In the Holter case, an appeal was taken to the Superior Court and an opinion filed by Judge Porter on October 13, 1919, which will be found in 73 Pa. Superior Ct. 14. The Superior Court reversed the decision of the court below, holding, where the epidemic occurred within the school term, that the teacher was entitled to be paid for the full term, and this is what the amendment provides.

It is admitted that the plaintiff and the other teachers have been paid for the full term of their written contracts with the school district but the latter now wants them to forfeit compensation for the extra 18 days the said school district required them to serve by notice in the form of a letter on May 27, 1933, directed to plaintiff extending the term and the said written contract and directing her and the others to teach under the terms of the written contract for an additional 18 days, the period arbitrarily ordered and directed by the Department of Public Instruction for the schools to remain open.

The School Code of Pennsylvania, as amended, provides for just such a condition and expressly states that the teacher is to be paid for the extra time which she teaches. Categorically, the provision in the School Code with reference to this (sec. 1206, P. L. 309) is as follows:

"Section 1206. When a board of school directors is compelled to close any school or schools on account of contagious disease, the destruction or damage of the school building by fire, or other causes, unless otherwise provided in their contracts of employment, the school district shall be liable for the salaries of the teachers of said school or schools for the terms for which they were engaged."

The case of Holter v. School District of Patton, 73 Pa. Superior Ct. 14, construed this section and held that the liability of the school district is established for the full term of the employment contract, whether the school is closed by reason of an epidemic or other cause mentioned in the act over which the teacher had no control.

The School Code of 1911, so far as section 1206 is concerned, was amended by the Act of May 23, 1919, P. L. 260. The amendment reads as follows:

"Section 1206. When a board of school directors is compelled to close any school or schools on account of contagious disease, the destruction or damage of the school building by fire or other causes, the school district shall be liable for the salaries of the teachers of said school or schools for the terms for which they were engaged. Whenever a teacher is prevented from following his or her occupation as a teacher, during any period of the school term, for any of the reasons in this section specified, the school district shall be liable for the salary of such teacher for such period, at the rate of compensation stipulated in the

contract between the district and the teacher, in addition to the time actually occupied in teaching by such teacher."

Section 1206, as amended by the Act of 1919, was reënacted in the amendment of section 1206 by the Act of May 20, 1921, P. L. 1012. The amendment of this section by the Act of 1921 is immaterial in this proceeding, as the amendment as therein contained has reference to sickness, etc., upon the part of the teacher.

Attention is particularly called to the amendment of 1919, which states that if the teacher is prevented from teaching during any period of the school term, she shall be entitled to the rates stipulated in the contract "in addition to the time actually occupied in teaching by such teacher."

The amendment of 1919, as carried into the amendment of 1921, was passed for a very obvious reason, and that reason meets the facts in the instant case. Several lower courts had construed section 1206, as contained in the School Code of 1911, adversely to the teacher, and the decision in Holter v. School District, 73 Pa. Superior Ct. 14, did not have in it facts a decision upon which would protect the teacher as the legislature thought she should be protected. The decision in the case above cited protected the teacher so far as compelling payment of the period mentioned in the contract was concerned, but did not protect the teacher if she was compelled to teach beyond the expiration of the contract, which is the very fact involved in this case. To meet this very situation, the legislature passed the amendment of 1919, and in no uncertain terms has provided for payment of the amount of the contract for the period of the contract, in addition to time actually spent in teaching beyond the contract.

The case of Gumaer v. Dalton School District, 21 Lack. Jur. 85, citing Hepburn v. City of Philadelphia, 149 Pa. 335; McManus v. City of Philadelphia, 201 Pa. 619; Ayers v. City of New Castle, 10 Pa. Superior Ct. 559, decided by Mr. Justice Maxey, now a justice of the Pennsylvania Supreme Court, while he was sitting upon the bench in Lackawanna County, is most interesting in this connection. In that case the school teacher had a contract for 8½ months, to begin on September 9, 1918. (It will be noted this was before the amendment of 1919.) Plaintiff commenced her duties on September 9, 1918, and continued to teach until October 7, 1918, when the school was closed because of an epidemic. The school remained closed until November 11, 1918, when it reopened, and the plaintiff again commenced to teach. On November 18, 1918, the school was again closed because of this epidemic, and it remained closed until November 25, 1918, when it again reopened. On May 9, 1919, the defendant notified the plaintiff that she would have to teach until June 20, 1919, to make up the time lost by reason of the period for which the school had been closed during the epidemic. Normally, the school would have closed on May 12, 1919. The plaintiff demanded her salary from May 12, 1919, to June 20, 1919, and upon the refusal of the defendant to pay her her salary, she brought suit. The court held that inasmuch as the facts in this particular case had taken place prior to the amendment of May 23, 1919, P. L. 260, the decision would have to be in favor of the defendant school district, but it further held that had the facts taken place after May 23, 1919, the decision would have been in favor of the plaintiff. At page 88, the court said: "This Act was approved May 23, 1919. If this had been in force at the time the school was closed in the fall of 1918, judgment would be rendered in favor of the plaintiff, inasmuch as this Act specifically provides that under a situation such as described in plaintiff's statement a teacher should be paid by the school district. That section in the Act of May 23, 1919, was passed for the very purpose of applying to a situation such as described in plaintiff's statement."

The case of Stump v. School District of Hempfield Township, 46 Pa. C. C. 621, arose under facts which took place in 1916 and was decided in 1917, all before the Act of 1919 was passed, and in addition that decision was overruled by the case of Holter v. School District of Patton, 73 Pa. Superior Ct. 14.

It is our opinion, under the agreed statement of facts, that the plaintiff, Annie B. Hayes, is entitled to recover for the 18 days' teaching service, the period mentioned in paragraphs 8 and 9 thereof; and that judgment be and is hereby ordered and directed to be entered in favor of the said plaintiff and against the defendant, the School District of the Township of Ridley, Delaware County, Pa., in the sum of $199.98 being for the said 18-day period at the rate of $11.11 per day, sec. reg. et sec. leg.

From William R. Toal, Media, Pa.