Nov. Term, 1861.

THE CITY OF LOGANSPORT v. BLAKEMORE.

Saturday, December 7.

*H. C. Newcomb* and *J. Tarkington*, for the appellee.

---

### THE CITY OF LOGANSPORT *v.* BLAKEMORE

Street improvements must, under the act of 1857, (Acts 1857, p. 63,) be executed under a contract with the city council ; and such contract must be evidenced either by a formal instrument in writing, signed by the parties or their agents, or a written proposition from the contractor,

containing all the particulars of a contract, which must be accepted by the council.

A transcript of the proceedings of the council in the matter of a street improvement, must contain a copy of the contract, or a *prima facie* liability will not be shown against the property holder.

APPEAL from the *Cass* Common Pleas.

PERKINS, J.—*McBride*, a contractor for a street improvement in *Logansport*, made an affidavit on which he obtained a precept against *Blakemore*, a property holder on the street improved, pursuant to the charter of the city.

*Blakemore* appealed to the Common Pleas. The city clerk sent up a transcript of the proceedings of the city council, as required by the charter when an appeal is taken. In the Common Pleas, the appellant demurred to the transcript as a cause of action. The demurrer was sustained, and the proceedings were dismissed.

The transcript contains the copy of a contract for the street improvement in question.

Street improvements, such as that made in this case, we may observe, must be executed under contracts, and such contracts must be evidenced by writing. There must be a formal contract drawn up and signed by the parties, or their agents; or there must be a bid, or proposition, from the contractor, containing all the particulars of a contract, which must be accepted by the council. Acts 1857, §§ 66, 67, p. 63. When either of these things is done, there is a contract in writing; and such contract is a necessary paper in the proceedings resulting in a street improvement.

Now, the charter provides that when an appeal is taken from a precept, "The clerk shall, upon the filing of said bond, forthwith make out and certify, under his hand and official seal, a full, true, and complete copy of all papers connected in any way with the said street improvement, beginning with the order of the council directing the work to be done and contracted for, and including all notices, precepts, orders of council, bonds and other papers filed in said matter; which transcript shall be in the nature of a complaint, and to which the appellant shall answer upon rule." Acts 1859, § 69, p. 215. From this provision it is

Nov. Term, 1861.

manifest, that a transcript containing no copy of a contract for the street improvement in question, in a given case, would not show a *prima facie* liability on the part of any defendant to a precept, and would not constitute a sufficient complaint for the foundation of an action. In this case, as we have seen, the transcript contains a copy of the contract; and we think final assessments sufficiently appear to have been made by the council. See *The City of Indianapolis* v. *Imberry, ante,* p. 175. The minutes of the council showed that the engineer had been directed to make estimates, and that the council had accepted the work as being completed according to contract. The estimates, when made, were not noted, nor were the orders requiring their payment, on the minutes of the council, at the respective times when the acts and deeds occurred. But the council, having discovered the omission, supplied the defects by a preamble and resolutions, setting forth a minute history of all the steps that were taken, &c.; which were adopted and entered of record, a proper time before the issuing of the precept, &c. See *The People* v. *Zeyst,* 23 N. Y. Rep., (Ct. of App.,) p. 140. We think there should be another trial of the cause. *The City of Indianapolis* v. *Imberry, supra.*

*Per Curiam.*—The judgment below is reversed, with costs. Cause remanded, &c.

*D. D. Pratt* and *Baldwin,* for the appellant.

*D. D. Dykernan* and *G. W. Blakemore,* for the appellee.