[S. F. No. 2617.     Department Two.—February 25, 1902.]

## GOODYEAR RUBBER COMPANY, Respondent, v. THE CITY OF EUREKA, Appellant.

MUNICIPAL CORPORATIONS—APPROVAL OF CONTRACT—VOTES OF MEMBERS OF COUNCIL.—Under a charter of a city providing that a journal of proceedings of the city council shall be kept by the city clerk, and that the ayes and noes shall be taken and entered therein on the final action upon the making of contracts, a record of the approval of a contract of purchase made by the mayor, showing who were present, and that all present voted in favor of a motion to approve the contract, and no one against it, shows a sufficient compliance with the object of the charter.

ID.—CONSTRUCTION OF CHARTER—ESSENTIALS OF CONTRACT—AUTHENTICATION—COUNTERSIGNING, NUMBERING, AND REGISTERING.—A provision of the city charter that every contract must be countersigned by the finance committee, numbered, and registered in a book kept for that purpose, must be construed with another section of the charter which states what essentials are necessary to make a contract binding, and does not enumerate such countersigning, numbering, and

registering, and the provision therefor being intended merely for further authentication of the contract, the contract is not rendered invalid by its absence.

ID.—APPROVAL BY CITY ATTORNEY—ADMISSION OF PLEADINGS—FINDINGS.—Where the approval of the contract by the city attorney, as required by the charter, was admitted by the pleadings, a finding thereupon was not necessary.

ID.—CERTAINTY OF CONTRACT.—A contract to sell to the city "1,000 feet of Paragon hose at 90 cents a foot," shows no uncertainty in its terms.

ID.—LOSS OF WRITTEN OFFER—ORAL EVIDENCE OF CONTENTS.—Where the written offer to sell was before the council at the time of the approval of the contract, of which it was a part, and was shown to be in possession of the clerk, but was subsequently lost, it was proper to prove its contents by oral evidence.

ID.—ACCEPTANCE OF HOSE BY CHIEF OF FIRE DEPARTMENT—DELEGATION OF POWER.—A provision in the contract for the purchase of the hose, that it shall be satisfactory to the chief of the fire department, and accepted by him before the city becomes liable thereunder, does not show an improper delegation of power to such chief, but is merely one of the conditions safeguarding the contract.

APPEAL from a judgment of the Superior Court of Humboldt County and from an order denying a new trial. G. W. Hunter, Judge.

The facts are stated in the opinion.

E. P. Campbell, for Appellant.

A. J. Monroe, for Respondent.

GRAY, C.—This action is brought to recover nine hundred dollars, the purchase price of a thousand feet of rubber hose, alleged to have been sold and delivered by plaintiff and accepted by defendant. The plaintiff having obtained judgment as demanded, the defendant appeals therefrom and from an order denying it a new trial, and contends that the alleged contract of purchase and sale was not properly entered into, and was not binding upon the municipality defendant for several reasons, all of which we will dispose of in the same order as presented by appellant.

1. The charter of defendant provided that a journal of the proceedings of the city council shall be kept by the city clerk, and that the ayes and noes shall be taken and entered therein

in the final action upon the making of contracts. The final action on this contract was taken by the council at a meeting the journal record of which was introduced in evidence and reads as follows:—

"Council Chambers,

"City of Eureka, Cal.,

"Wednesday, July 5th, 1899.

"Regular adjourned meeting of the council, held on above date. Present: Pres. of Council Buhne, presiding, and Councilmen Gibbard, Connick, and Crane. Absent: Mayor Evans and Councilman Poland.

"Pres. of Council Buhne stated that the meeting was for approving the contract for 1,000 feet of Paragon hose.

"Councilman Gibbard moved that the contract entered into by the Mayor of the city and W. F. Long for the Goodyear Rubber Co. for 1,000 feet of Paragon hose be approved.

"Seconded by Councilman Connick and carried.

"All present voting in favor thereof and no one against the same.

"There being no further business, the council adjourned until the next regular meeting of the council."

This entry clearly shows what members of the council were present and what members were absent during the entire meeting, and also just what members voted aye and that there were no negative votes. The object of the charter was to have a record kept of how each member present voted, and this object was thoroughly accomplished in the above-quoted journal entry; and the entry fully supports the finding that the "yeas and nays were taken, and the name of each member voting upon the question was entered upon the journal"; and appellant's contention to the contrary falls to the ground. The law respects form less than substance. (Civ. Code, sec. 3528.) In the case of *Los Angeles Gas Co.* v. *Toberman*, 61 Cal. 199, it appeared that the names of those who voted for and against the final adoption of the contract were not entered upon the journal, and for this reason that case has no application here. *Barr* v. *Auburn*, 89 Ill. 361, and *Solomon* v. *Hughes*, 24 Kan. 211, fully support the position here taken.

2. It is found that the contract was not countersigned by the finance committee, and this is urged as fatal to the validity

of the contract. Section 42 of the Eureka charter (Stats. 1895, p. 364) is as follows: "All contracts must be in writing, executed in the name of the city, and by an officer authorized to make the same. The form and legality of all contracts shall be submitted to and passed upon by the city attorney. Every contract must be countersigned by the finance committee, numbered, and registered in a book kept for that purpose." This section should be read in connection with section 167 (Stats. 1895, p. 398), which latter section reads as follows: "The city of Eureka shall not be and is not bound by any contract, or in any way liable thereon, unless the same is made in writing by order of the council, and the draft thereof approved by the city attorney and the council, and the same ordered to be and be signed by the mayor, or some other person authorized thereto in behalf of the city; but the council, by an ordinance, may authorize any officer, committee, or agent of the city to bind the city without a contract in writing for the payment of any sum of money not exceeding three hundred dollars. All bonds of any contractors with the city shall be approved by the council."

This section 167 undertakes to set forth the essentials to a contract binding the city, and countersigning by the finance committee, as well as numbering and registering, is not enumerated among those essentials. We take it, therefore, that the countersigning is not intended as a part of the execution of the contract, but, like the numbering and registering mentioned in the same sentence with it, is merely for the purpose of more thorough authentication, and that the contract is not invalid by reason of its absence. If the legislature had intended that the absence of this countersigning should leave the contract without binding force upon the city, it would have so declared in said section 167.

The contract was made in writing and signed by the mayor, after he had been duly authorized thereto by the action of the council, and thereafter it was duly approved by the council, with the written contract so signed before it. This was, in effect, an approval of the draft of the contract. These matters are all fully set forth in the findings, and the evidence clearly supports such findings.

There seems to be no finding that the contract or a draft thereof was approved by the city attorney; but it is alleged in

the complaint, and not denied in the answer, "that on July 5, 1899, said A. J. Monroe, as city attorney of said city, duly approved the form of said contract." This was all that was necessary under the law, so far as the city attorney's approval is concerned; and it not being denied, is deemed to be admitted, and no finding thereon was necessary. It is immaterial whether the city attorney's approval was before or after the mayor had signed the contract.

3. There was no uncertainty in the contract of purchase and sale, nor was there any uncertainty in the written offer of sale made by the respondent. This offer in writing was before the council at the time of their approval of the contract of which it was a part. The contents of the offer are set out in substance in the complaint, and it runs to the effect that respondent will sell to the city "1,000 feet of Paragon hose at 90 cents a foot." The evidence in this regard supports the allegation of the complaint, and the finding of the court is to the same effect. There is left, then, no uncertainty as to the contents of the contract.

This offer was shown to have been on two occasions in the possession of the clerk of the council, but was subsequently lost. It was therefore proper to prove its contents by oral evidence.

4. It was stipulated in the contract "that said hose must be satisfactory to the chief of the fire department and accepted by him before the city of Eureka becomes liable for the same under this contract." It is objected that this is an unconstitutional delegation of power to the said chief. We cannot see the force of this objection. The liability of the city does not arise by reason of any acceptance of the chief of the fire department, for, notwithstanding such acceptance, the city might still show that the contract was not in other respects complied with. This acceptance and satisfaction of the chief is merely one of the conditions safeguarding the contract, and is in no way binding upon the parties as a determination that the terms of the contract have been complied with. It was intended only to cause the officer of the fire department to perform the mere ministerial act of reporting upon the quality of the property delivered under the contract. Such stipulations are usual in building contracts between individuals; and in street-improvement contracts entered into with cities it is not unusual to say

that the work shall be done to the satisfaction of the city engineer, and this has never been held to affect the validity of the contract.

The contention of appellant, that the chief did not in fact accept the hose, and that the hose was not shown to be satisfactory to him, is settled by the evidence and findings adversely to said contention. The evidence and findings also show that the hose was delivered to the city and was accepted by it; that a claim therefor, upon a blank furnished by the city, duly verified, was duly presented and filed. It was not necessary to attach the contract to this claim; it was sufficient to refer to it in an intelligible way, so that it could be seen that the claim was based on the contract and a compliance therewith; and all this the claim clearly shows. The complaint alleges a breach of the contract when it says "that said bill has not been paid nor any part thereof." The appeal is devoid of merit.

The judgment and order appealed from should be affirmed.

Smith, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFarland, J., Temple, J., Henshaw, J.