## Smart, Appellant, *v.* Philadelphia.

*Municipal contracts—Written contracts—City of Philadelphia—Act of June 1, 1885, article 14.*

Article 14 of the act of June 1, 1885, relating to the city of Philadelphia, which requires that " all contracts relating to city affairs shall be in writing, signed and executed in the name of the city," is not merely directory, but mandatory, and unless it is strictly complied with there can be no liability imposed upon the city.

Where a municipal contractor submits a bid to the city of Philadelphia, and the bid is accepted, but the city subsequently refuses to enter into any written contract in the matter, the contractor can maintain no suit against the city for a breach of contract.

Argued Jan. 26, 1903. Appeal, No. 320, Jan., T., 1902, by plaintiffs, from order of C. P. No. 1, Phila. Co., March T., 1900, No. 1332½, refusing to take off nonsuit in case of Terence P. Smart and George W. Kelley, Copartners, trading as T. P. Smart & Company v. Philadelphia. Before MITCHELL, DEAN, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Assumpsit for breach of contract.

The facts appear by the opinion of the Supreme Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*John M. Ridings*, with him *William Kelley*, for appellant.

*Chester N. Farr, Jr.*, assistant city solicitor, and *John L. Kinsey*, city solicitor, for appellee.

OPINION BY MR. JUSTICE MESTREZAT, April 20, 1903:

The department of public works of Philadelphia was authorized by ordinance to enter into contracts for the repaving of certain streets of the city. In answer to an advertisement by the department for proposals for the work, the plaintiffs submitted a bid at which they agreed to repave a part of Wharton street. The contract was awarded to them and they were no-

tified of the fact by a letter from the chief of bureau of highways. They were also advised that the city solicitor would be notified to prepare the contract to be executed by the parties. This not having been done, the plaintiffs wrote the director of public works reminding him of the fact, and requesting him to have the contract prepared so that they might proceed with the work. In a reply to this letter a few days thereafter, the plaintiffs were advised that a passenger railway company would occupy Wharton street with its tracks and that, under its charter, the company would be liable for repaving the street. The city, therefore, declined to enter into a written contract with the plaintiffs for the performance of the work and refused to permit them to do the work. By reason of this action by the city, the plaintiffs instituted the present suit to recover damages. The court below entered a compulsory nonsuit, and we have this appeal.

Article 14 of the charter of Philadelphia declares that "all contracts relating to city affairs shall be in writing, signed and executed in the name of the city." This court has held that this requirement of the charter is not merely directory but mandatory, and that unless it is strictly complied with there can be no liability imposed upon the city : Hepburn v. Philadelphia, 149 Pa. 335 ; McManus v. Philadelphia, 201 Pa. 619. It is therefore settled that a strict adherence to this provision of the city charter will be enforced and that he who asserts and attempts to enforce any agreement or liability against the city must produce a duly executed contract in writing, signed by an officer authorized to make the same. The reason for exacting a strict compliance with this most salutary requirement of the city's organic law is thus stated by the late Chief Justice STERRETT in Hepburn v. Philadelphia, supra : " To hold otherwise would defeat the very object that the legislature had in view in thus specifically prescribing the manner in which all contracts relating to city affairs shall be executed, and expose the public funds to raids of every conceivable form."

In this case, however, the plaintiffs are not seeking to enforce a contract with the city, but to recover damages because the city "neglected and refused to enter into or execute a written contract with the plaintiffs for the doing of the said work, or to allow the plaintiffs to do or perform said work." It

is, therefore, contended by the learned counsel of the appellants that the cases above quoted have no application to the present action; and that the right to recover here is not controlled or affected by the 14th article of the city charter. The distinction thus suggested by the counsel is not well taken and the views entertained as to the rights of the plaintiffs are clearly erroneous. If this contention be allowed to prevail the effect would be to deprive the city of the protection of the charter requirement and to compel it to comply with any parol contract made by one of its officers, or submit to the alternative of responding in damages for a breach of such contract. Should the alleged liability here be enforced it would not be because the city had assumed it, but because it had refused to carry into effect the negotiations preparatory to the execution of the contract. This would be in conflict with the very spirit and purpose of the rigid requirement of the 14th article of the charter, which prohibits the city from incurring a liability except by a contract in writing. Until a written contract is duly executed in such cases, there can be no claim or responsibility enforceable against the city. Prior to that time there has been no action by the city and consequently no liability incurred. The ordinance and awarding of the contract are all preliminary to, and not the contract which alone, as already observed, imposes the liability on the city. As said in Hepburn v. Philadelphia, supra: "The papers referred to, the advertisement, the bid, and the letter of acceptance, set forth the terms upon which the city was willing to enter into a contract with him, but neither singly nor altogether do they constitute a valid contract, nor in fact any contract. They are merely negotiations preparatory thereto."

The plaintiffs having failed to establish any claim for damages against the city, the nonsuit was properly entered by the court below.

Judgment affirmed.