## McKINNEY v. CITY OF WAGONER.

No. 5073.    Opinion Filed December 8, 1914.

(144 Pac. 1071.)

MUNICIPAL CORPORATIONS—Parol Contract by Commissioners— Validity. The charter of the city of Wagoner having provided that "no contract shall be binding upon the city unless it has been signed by the mayor and countersigned by the city clerk," a parol contract entered into by one of its commissioners on behalf of the city to furnish electric power, although known and acquiesced in by the other commissioners, is not bindiig upon the city.

(Syllabus by the Court.)

*Error from District Court, Wagoner County;*
*R. C. Allen, Judge.*

Action by C. C. McKinney against the City of Wagoner, a municipal corporation. Judgment for defendant, and plaintiff brings error. Affirmed.

*J. S. Dickey, Jr., Alvin F. Maloney, and W. O. Rittenhouse,* for plaintiff in error.

*A. C. Hunt,* for defendant in error.

BLEAKMORE, J.   This is an action commenced in the district court of Wagoner county by the plaintiff in error against the city of Wagoner for damages incurred by breach of contract to furnish electric power to operate the cotton gin of plaintiff.   The court directed a verdict for defendant, and rendered judgment accordingly.

The city of Wagoner has a mayor and four commissioners, and operates under a charter adopted and approved under the provisions of section 3a, art. 18 (section 329, Williams' Ann. Ed.) Oklahoma Constitution.   It owns and maintains an electric light plant, furnishing light current to its residents.

Plaintiff entered into a verbal contract with the commissioner of water, light, and sewerage, by the terms of which it was agreed that the city should furnish him, during the ginning season of 1912, with electric power sufficient to operate a certain cotton gin owned by him, located in the city at a price of not more than five cents per kilowatt hour.   The mayor was advised of the contract, and discussed the terms thereof with plaintiff.   No written contract was ever made and signed by the mayor and city clerk or either of the commissioners, nor was there any record or memorandum of such contract made by resolution or minutes at any session of the commissioners even referring to such contract.   In fact, the matter was not presented to the commissioners while in session.   However, plaintiff relied upon said contract and expended large sums of money in the purchase and installation of machinery necessary to properly equip his gin to be operated by electric power.   The city failed to furnish the power and by reason thereof plaintiff was damaged.

Numerous questions are presented of error, only one of which we deem necessary to discuss, and that is:   Was the contract referred to void, because not executed in the manner provided by the charter?

The charter of the defendant city provides that:

McKinney v. City of Wagoner.

"No contract shall be binding upon the city unless it has been signed by the mayor and countersigned by the city clerk," and, further, that the mayor "shall on behalf of the city sign all contracts, bonds, documents, etc."

As to the form and mode in which, and by whom, contracts shall be executed to be binding upon the city is a matter purely of local concern, and such provision of the charter is valid, and one of which all persons having dealings with the city must take notice; and the provisions for these formal requisites affecting only the municipality, and not being in conflict with the Constitution, is exclusive as the only law in force upon the subject. *Lackey v. State*, 29 Okla. 225, 116 Pac. 913.

"Under many statutes contracts of public corporations must be made in accordance with certain specified formalities. Under some statutes they must be in writing, in which case oral contracts are invalid. * * *"

*Times Pub. Co. v. Weatherby*, 139 Cal. 618, 73 Pac. 465; *Frick v. Los Angeles*, 115 Cal. 512, 47 Pac. 250; *Logansport v. Blakemore*, 17 Ind. 318; *Starkey v. Minneapolis*, 19 Minn. 203; *Aurora Water Co. v. Aurora*, 129 Mo. 540, 31 S. W. 946: *Savage v. Springfield*, 83 Mo. App. 323; *Arnott v. Spokane*, 6 Wash. 442, 33 Pac. 1063; *Smart v. Philadelphia*, 205 Pa. St. 329, 54 Atl. 1025; *Goodyear Rubber Co. v. Eureka*, 135 Cal. 613, 67 Pac. 1043.

Under the stringent and prohibitive provisions of the charter above quoted, neither a commissioner nor the board of commissioners of the defendant city was empowered to enter into a contract binding upon the city, unless the same was in writing, signed by the mayor, and countersigned by the city clerk. An examination of the charter discloses that it contains no provision in conflict with those above referred to.

It follows that the judgment of the district court should be affirmed, and it is so ordered.

All the Justices concur, except KANE, C. J., absent and not participating.