## UNITED STATES RUBBER CO. v. CITY OF TULSA.

No. 14058—Opinion Filed Oct. 7; 1924.

**1. Municipal Corporations—Claims Against Charter City—Statutory Authority.**

One who demands payment of a claim against a municipality operating under a charter form of government must show some provision of such charter authorizing it or that it arises from some contract, express or implied, which finds authority in the general statutes of the state, and it is not sufficient that the performance of the contract for which payment is claimed is beneficial.

**2. Same.**

Whoever deals with a municipality does so with notice of the limitations on it or its agents' powers. All are presumed to know the law and those who contract with it or furnish it supplies do so with reference to the law, and if they go beyond the limitations imposed they do so at their peril.

**3. Same—Invalid Contracts—Ratification by City.**

A contract not in its origin obligatory upon the corporation, by reason of not having been made in the mode prescribed by the charter, cannot be affirmed and ratified in disregard of that mode by any subsequent action of the corporate authorities, and a liability be thereby fastened upon the corporation.

**4. Pleading—Judgment on Pleadings—Refusal.**

Where a verified general denial of all the allegations of plaintiff's petition is filed, the further allegation in the answer to the effect that the defendant neither affirms nor denies certain allegations of the petition but demands strict proof thereof, it is not error for the court to overrule the plaintiff's motion for judgment on the pleadings.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Tulsa County; Valjean Biddison, Judge.

Action by the United States Rubber Company against the City of Tulsa. From judgment in favor of the defendant, plaintiff brings error. Affirmed.

Ward & Chase and George Paschal, for plaintiff in error.

I. J. Underwood and Harry L. S. Halley, for defendant in error.

Opinion by PINKHAM, C. Plaintiff in error, hereinafter termed plaintiff, instituted this action against the city of Tulsa to recover a money judgment.

Plaintiff's petition alleges, in the second paragraph thereof, that the defendant is indebted to it in the sum of $7,426.70, with interest thereon at the rate of six per cent. per annum from January 1, 1921, for goods, wares, and merchandise sold and delivered by plaintiff to the defendant at the special instance and request of the defendant.

It was further alleged that the said purchase had been made according to the laws of the state of Oklahoma, and the charter and the ordinances of the defendant, city of Tulsa.

The third paragraph of the plaintiff's petition alleges that the said merchandise was sold and delivered to defendant on the dates set forth in exhibit "A" attached to the petition, and were of the reasonable market value of the sums set forth in the said exhibit, that they were received and used by said defendant, and the defendant thereby became liable to the plaintiff in the said sum of $7,426.70.

Exhibit "A" attached to and made a part of plaintiff's petition, is as follows:

"Tulsa, Oklahoma, Jany. 1st. 1921.

"The City of Tulsa Dr. to United States Rubber Co.

"Dec. 5th, 1919, to 200 ft. cotton rubber lined hose _____$420.00.
"Dec. 10th, _____do_____ 420.00
"Dec. 15th _____do_____ 420.00
"Dec. 20th _____do_____ 420.00
"Dec. 26th _____do_____ 420.00
"Dec. 28th _____do_____ 420.00
"Dec. 31st _____do_____ 420.00
Dec. 31, 1920, to 2000 do_____4200.00

"Interest at the rate of 6 per cent. per annum from dates of items as shown above _____ 286.70

"Total now due _____$7426.70"

The defendant answered with a verified general denial of the allegations of the petition, and further alleged that as to the allegations contained in paragraphs two and three of plaintiff's petition it had not sufficient information to either affirm or deny the same, and therefore demands strict proof of each and every allegation therein contained.

A jury was waived by the parties, and the case was tried to the court on the 9th day of June, 1922, and after the introduction of plaintiff's evidence, the defendant demurred to the evidence of plaintiff.

The trial court took the case under advisement and on the 17th day of June, 1922, plaintiff filed its motion for judgment on the pleadings and its motion to strike defendant's answer.

Thereafter, on the 27th day of June, the court overruled the motion to strike, and for judgment on the pleadings, and sustained defendant's demurrer to the plaintiff's evidence, and rendered judgment for the defendant.

Motion for a new trial was overruled, and plaintiff perfected its appeal to this court.

For reversal of the judgment counsel for plaintiff in their brief submit the following propositions: First, that the defendant city is liable under the proof on an express contract, at least to the extent of the 7 items in the sum of $420 each as shown on exhibit "A", attached to the petition; second, that the defendant city is liable to it on an implied contract, it having accepted and used and received the benefit of the property described in plaintiff's petition, and that defendant is bound to pay the reasonable market value of the same; third, ·that the answer of defendant did not raise any issue, and that the plaintiff therefore should have had judgment on the pleadings.

Under the first and second propositions plaintiff contends that the first seven items as shown by exhibit "A" aggregating $2,940, and interest, were brought as shown by the evidence strictly within the charter requirements of the defendant city in such cases made and provided.

It is pointed out that none of these first seven items equals the sum of $500, and it is contended that the testimony shows there was an appropriation for that purpose ample to take care of the amount called for by the said seven items at the time the order was made, and that therefore the plaintiff is entitled to recover the amounts covered by the seven items referred to on the basis of an express contract, and that as to the remaining item of $4,200 and interest plaintiff is entitled to recover upon an implied contract on a quantum meruit basis for.goods had and received by the defendant city.

It will be observed that plaintiff alleged in his petition that "said purchase having been in all things made according to the laws of the state of Oklahoma, charter and ordinances of the city of Tulsa in such cases made and provided."

The verified general denial of the defendant city put in issue the allegation that this contract of purchase was made in accordance with the charter of the city of Tulsa. The charter provides that:

"No contract shall be entered into by the board of commissioners until after the appropriation has been made therefor nor in excess of the amount appropriated, and all contracts shall be made upon specifications and no contract shall be binding upon the city unless it has been signed by the mayor and countersigned by the auditor, and the expense thereof charged to the proper appropriation * * * all contracts of whatever character pertaining to public improvements or the maintenance of public property of said city involving an outlay of as much as $500 shall be based upon specifications to be prepared and submitted to and approved by the board of commissioners; and after approval by the board of commissioners, advertisement for the proposed work or matter embraced in said proposed contract, shall be made, inviting competitive bids for the work proposed to be done, which said advertisement shall be published in a daily newspaper not less than five times. * * *"

Upon the issue made by the petition and answer the only evidence introduced by the plaintiff to establish its cause of action was the testimony of F. M. Bohn, who was one of the commissioners of the city of Tulsa at the time the plaintiff alleges it sold the merchandise in question to the defendant city.

This witness testified, in substance, that

at the time of this purchase he was commissioner of fire and police; that the other commissioners agreed that he might purchase the goods in question, consisting of fire hose; that there was no appropriation for the $4,200 item, but the witness thought there were sufficient funds to take care of the first seven items in the sum of $2,940; that there was no competitive bidding, but that the city accepted and used the merchandise in question.

An examination of exhibit "A" attached to plaintiff's petition considered in connection with the testimony of the commissioner of fire and police shows, we think, very clearly that the order for the purchase of 3,600 feet of cotton rubber-lined hose for the aggregate sum of more than $7,000 was made at one time, and constituted one entire contract, and cannot be split up into a number of separate contracts of $420 each, thereby rendering it unnecessary to have invited competitive bids as required by the provisions of the charter.

There is no evidence disclosed by the record that the contract for purchase of goods sued for was ever executed under the authority of the board of commissioners of the city of Tulsa, and signed by the mayor and countersigned by the city auditor.

The power to make the contract in question at all was dependent upon a substantial compliance with all the quoted provisions of the charter.

It is not contended that these requirements of the charter were complied with.

The prevailing rule undoubtedly is that if the powers of a municipality or its agents are subjected by statute or charter "to restrictions as to the form and method of contracting that are limitations upon the power itself, the corporation cannot be held liable by either an express or an implied contract in defiance of such restrictions." McQuillin, Municipal Corporation, sec. 1181; Jersey City Supply Co. v. Jersey City, 71 N. J. L. 631, 60 Atl. 381.

The rule to be deduced from any decisions of this court with respect to this question is that one who demands payment of a claim against a municipality operating under a charter form of government must show some provision of such charter authorizing it, or that it arises from some contract, express or implied, which finds authority in the general statutes of the state, and it is not sufficient that the performance of the contract for which payment is claimed is beneficial. Perry Water & Ice Co. v. City of Perry, 29 Okla. 593, 120 Pac. 582; McKinney

v. City of Wagoner, 45 Okla. 28, 144 Pac. 1071; Buckeye Engine Co. v. City of Cherokee. 54 Okla. 509, 153 Pac. 1166; Mitchell v. City of Atoka, 76 Okla. 266, 185 Pac. 96; Board County Commissioners of Tulsa County v. Tulsa Camera Record Co., 103 Okla. 35, 228 Pac. 110; O'Neal Engineering Co. v. Incorporated Town of Ryan et al., 32 Okla. 738, 124 Pac. 619.

In the last case cited it is said:

"Whoever deals with a municipality does so with notice of the limitations on it or its agent's powers. All are presumed to know the law and those who contract with it or furnish it supplies do so with reference to the law and if they go beyond the limitations imposed they do so at their peril."

There can be no implied promise on the part of a municipality to pay for goods received by it under a contract not made in the manner prescribed by statute, and there can be no recovery on quantum meruit thereon. LaFrance Fire Engine Co. v. Syracuse, 68 N. Y. Supp. 894.

The whole aim, purpose, and object of our Constitution, statutes, and municipal charters with respect to the mode and manner of incurring public indebtedness is to protect the citizens and tax payers of the municipality from unjust, ill-considered, or extortionate contracts, or those showing favoritism; "and if the municipality is suffered to disregard them and the other contract party is nevertheless permitted to recover for the property delivered or the services rendered either on the ground of ratification, estoppel, or implied contract, then it follows as the night the day, that the statute or charter provision can always be evaded and set at naught." McQuillin, Municipal Corporations, sec. 1164.

It is better that an individual should occasionally suffer from the mistake of public officers or agents than to adopt the rule which through improper combination or collusion might be turned to the detriment or injury of the public. Whiteside v. U. S. 93 U. S. 247.

In view of the well settled rule announced in the decisions of this court with reference to this question we deem it unnecessary to consider the cases in other jurisdictions cited by the plaintiff to support its contention that the defendant city is liable upon an implied contract.

An examination, however, of the cases relied upon discloses that the rule there announced is not applicable to the state of facts disclosed by the record in the instant case.

The case of Argenti v. City of San Francisco, 16 Cal. 255. cited and relied upon by counsel for plaintiff in their brief, in which case it is held that:

"An executory contract made without authority cannot be enforced but where the contract has been executed and the corporation has received a benefit of it the law interposes an estoppel and will not permit the validity of the contract to be questioned"

—has been, we think, practically overruled by the subsequent case of Zottman v. San Francisco, 20 Cal. 96, in which it is held that a contract not in its origin obligatory upon the municipality by reason of not having been made in the mode prescribed by the charter cannot be affirmed and ratified in disregard of that mode by any subsequent action of the corporate authorities, and a liability be thereby fastened upon the corporation.

The last proposition discussed by counsel for plaintiff in their brief is that the answer of defendant is not sufficient, and that plaintiff was entitled to a judgment on the pleadings.

It is contended that the admission on the part of defendant that it has not sufficient information to deny the allegations in plaintiff's petition is a specific admittance of the same, and that the answer of defendant is simply a demand on the part of defendant for plaintiff to prove its case without any denial of plaintiff's causes of action, and that the attempted verification verifies nothing but admits the allegations of plaintiff's petition.

No decisions of the court are cited to sustain the plaintiff's contention in this regard.

The defendant in its answer denies every allegation contained in plaintiff's petition, and verified the denial, which we conclude put all the allegations in plaintiff's petition in issue. The averment in defendant's answer that it has not sufficient information to either affirm or deny the same and therefore demands strict proof of each and every allegation therein contained is a common law form of pleading not recognized by our code, and in view of the verified general denial proceeding it may be regarded as surplusage, but no motion to strike was directed against it. We think the plaintiff's motion for judgment on the pleadings was properly overruled.

We are clearly of the opinion that the plaintiff sold the goods in question upon an illegal and void contract, and that the present action in view of the admitted facts cannot be maintained, and that the demurrer

to plaintiff's evidence was properly sustained

Whether in any other form of proceedings the plaintiff can recover, we conclude that in the present action it can have no relief.

We think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.