**CITY OF TULSA v. MALLOY et al., Receivers.**

No. 14984—Opinion Filed Dec. 2, 1924.

1. **Municipal Corporations—Validity of Claims Against Charter Cities—Burden of Proof.**

One who demands payment of a claim against a municipality operating under a charter form of government must show some provision of such charter,. authorizing it, or that it arises from some contract, express or implied, which finds authority in the general statutes of the state, and it is not sufficient that the performance of the contract for which payment is claimed is beneficial.

2. **Same—Legal Limitations.**

Whoever deals with a municipality does so with notice of the limitations on it or its agents' powers. All are presumed to know the law, and those who contract with it or furnish it supplies do so with reference to the law, and if they go beyond the limitations imposed, they do so at their peril.

3. **Same—Nonliability of City—Attempted Ratification of Illegal Contract.**

A contract not in its origin obligatory upon the corporation, by reason of not having been made in the mode prescribed by the charter, cannot be affirmed and ratified in disregard of that mode by any subsequent action of the corporate authorities, and a liability be thereby fastened upon the corporation.

4. **Same—Legality of Sales—Pleading.**

In the instant case, the verified general denial of the defendant city put in issue the allegation that this contract of purchase was made in accordance with the charter of the city of Tulsa.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from County Court, Tulsa County; John P. Boyd, Judge.

Action by the Constantin Oil Corporation against the City of Tulsa, a municipal corporation, for the recovery of $811.42. Judgment for plaintiff. Defendant brings error. Reversed and remanded.

I. J. Underwood and Harry L. S. Halley, for plaintiff in error.

M. A. Breckenridge, Chas. R. Bostick, Lee Daniel, and O. S. Booth, for defendants in error.

Opinion by THOMPSON, C. This action was commenced in the county court of Tulsa County, Okla., by the Constantin Oil Corporation, a corporation, defendant in error, plaintiff below, against the city of Tulsa, a municipal corporation, plaintiff in error, defendant below, for the recovery of $811.42 on open account.

The parties will be referred to as plaintiff and defendant as they appeared in the lower court.

The plaintiff, in its petition, claimed to have furnished motor oils and gasoline to the defendant between the 3rd day of April, 1921, and the 7th day of May, 1921, for the police department, street department, and health department of the city of Tulsa, and attached to its petition three sworn itemized accounts, showing that it had fur-

nished same to the street department to the amount of $313.50 on certain invoices, and to the police department to the amount of $437.92, and to the health department to the amount of $60, and claimed that the same was past due, and that payment had been disallowed by the mayor and the board of city commissioners on the 27th day of September, 1922.

The defendant city answered by general denial and by specifically denying the correctness of the itemized statements attached to the petition, but admitting that it is a corporation, duly organized under the laws, which answer was verified by Harry L. S. Halley, its attorney.

After the action was filed Pat Malloy and W. O. Dickinson were made parties plaintiff on their motion as receivers for the Constantin Oil Corporation.

The cause was tried to the court by agreement of parties, a jury being waived.

At the close of the testimony on part of the plaintiff, the defendant demurred to the evidence, which demurrer was overruled and exception reserved, and defendant declined to introduce any testimony, but chose to stand on its demurrer, and the court thereupon rendered judgment in favor of the plaintiff and against the defendant in the sum of $803.96, with interest at the rate of six per cent. per annum from the 7th day of May, 1921, and costs.

Motion for new trial was duly filed, heard and overruled; exceptions reserved, and the cause comes regularly on appeal to this court from the judgment of the county court.

The testimony of Howard B. Appleton, as credit manager for the plaintiff, was introduced by plaintiff. He testified that he had charge of the books, records, and accounts of the Constantin Oil Corporation, and his testimony was to the effect that he had presented the accounts to the mayor and commissioners of the city of Tulsa, but that they disallowed them on the grounds that there were no funds, but at no time disputed the correctness of the account, and while he was on the stand he identified a copy of a letter, claimed to have been written by the former commissioner of fire and police to the insurance company, admitting that $400 was due from said city to the plaintiff, and the admission of said letter was objected to by the defendant and exception reserved. Said copy of the letter was not shown to be a correct copy of the original, or that it had ever been sent through the mails, or that J. M. Adkison had any authority to write such a letter.

A number of sale tickets were introduced, some of which were signed and some of which were not, which showed that the Lindner Oil Company was the creditor for the oil and gasoline furnished and delivered, and there was no showing that the parties, who signed the said sale delivery tickets, were connected with the city of Tulsa, officially or otherwise. The introduction of said sale tickets was objected to and admitted over the objection of defendant, and exception to their admission was reserved, and there was no evidence introduced to show that the Lindner Oil Company was in any way connected with the plaintiff company. The bookkeeper, or person who made the entries on the account books of the company, was not introduced to show the correctness of the accounts, or that they had been correctly entered upon the books of the company, or that the accounts, had been correctly kept, and the witness Howard B. Appleton had no personal knowledge of the correctness of the accounts, other than the statement claimed to have been made by the mayor and commissioners at the times he presented the accounts for collection, wherein he testified that they stated they would not or could not approve the accounts because of lack of funds.

The attorneys for defendant complain that the court erred in overruling the defendant's demurrer to the plaintiff's evidence, and also in admitting incompetent, irrelevant, and immaterial evidence on part of the plaintiff and over the objection of the defendant, and in the argument they say that the plaintiff wholly failed to establish sufficient grounds for recovery against the defendant.

The verified general denial of the defendant city put in issue the allegation that this contract of purchase was made in accordance with the charter of the city of Tulsa, which provides that:

"No contract should be entered into by the board of commissioners until after the appropriation had been made therefor nor in excess of the amount appropriated, and all contracts shall be made upon specifications, and no contracts shall be binding upon the city unless it has been signed by the mayor and countersigned by the auditor, and the expenses thereof charged to proper appropriation."

This proposition has been determined by this court in the case of United States Rubber Co. v. City of Tulsa, 103 Okla. 163, 229 Pac. 771. The first and third paragraphs

of the syllabus of said opinion are as follows:

"One who demands payment of a claim against a municipality operating under a charter form of government must show some provision of such charter authorizing it or that it arises from some contract, express or implied, which finds authority in the general statutes of the state, and it is not sufficient that the performance of the contract for which payment is claimed is beneficial.

"A contract not in its origin obligatory upon the corporation, by reason of not having been made in the mode prescribed by the charter, cannot be affirmed and ratified in disregard of that mode by any subsequent action of the corporate authorities, and a liability be thereby fastened upon the corporation."

In the body of the opinion we find this paragraph:

"The verified general denial of the defendant city put in issue the allegation that this contract of purchase was made in accordance with the charter of the city of Tulsa."

There was no attempt in this case by plaintiff to show by competent evidence that this contract was made in accordance with the charter of the city of Tulsa, or that it comes within the general statutes of the state. There could be no binding contract upon the city until it is first shown that there was authorization by charter or by law for the officers of said city to make such contract, and it is not sufficient that the performance of the contract for which payment is claimed is beneficial. This proposition has been sustained by this court in numerous opinions, cited in the case referred to above.

On the further contention that the evidence admitted in this case was incompetent, irrelevant, and immaterial, it is our opinion that the same should not have been admitted in the form in which it was admitted. There was no attempt to show that the Lindner Oil Company was in any way connected with the plaintiff company in this action, or that this account had been assigned to the plaintiff company, and certainly the defendant would not be responsible to the plaintiff company on bills for oil and gas furnished and delivered by the Lindner Oil Company. There was no attempt to show by any one who made the entries on the books of plaintiff company, that the books of the company were correct, or that the accounts were properly entered, nor were the accounts identified in any other manner that would entitle them

to be admitted as evidence in this case and we are of the opinion that the court committed reversible error in admitting the evidence of the receipts for the delivery of the items upon this account, as well as upon the proposition that there is no evidence in the record to show that the parties signing for the same had authority from the city to sign said receipts or delivery checks. The copy of the letter sought to be introduced was not admissible until it was first shown that it was a true copy, and that the original had been lost or destroyed and was not obtainable at the trial, and until it had otherwise been properly identified. Therefore, for the foregoing reasons and upon the authority of the late case of the United States Rubber Company v. the City of Tulsa, supra, which has been decided since the briefs were filed by the attorneys for both parties and which settles the controverted questions of law raised here, we are of the opinion that the judgment of the lower court should be and it is hereby reversed and remanded to the lower court, with instructions to take such further action as may be proper, not inconsistent with this opinion.

By the Court: It is so ordered.