## STANDARD PAVING CO. v. CITY OF WEWOKA.

No. 22924.   Nov. 27, 1934.

Rehearing Denied Jan. 14, 1935.

Allen, Underwood & Canterbury, for plaintiff in error.

V. R. Biggers, for defendant in error.

PER CURIAM. This is an appeal from the judgment of the district court of Seminole county, Okla., wherein the Standard Paving Company, as plaintiff, brought suit against the city of Wewoka for the sum of $11,105.95, and under which judgment was then rendered in favor of the plaintiff for the sum of $1,605.95. The Standard Paving Company had entered into a contract with the city of Wewoka, a city of the first class, operating under a charter form of government, for the construction of a system of water and sewer lines, and after the commencement of the project and without advertisement or the taking of bids thereon, the plaintiff at the direction of the city commissioners and without a contract thereupon undertook to and did construct an additional water line and storm sewer, not shown in the original plans and specifications. The plaintiff was paid for all of such work, except a claimed balance due of $11,-105.95, for which this suit was brought, as aforesaid.

It was agreed in the course of the trial, a jury being waived and the case tried to the court, that the only question was as to the extra storm sewer and water lines, the extra water lines costing in excess of $500 and the cost thereof, together with the cost of additional storm sewer, amounting to $9,500.

The charter of the city of Wewoka contains the following provisions relative to the letting of contracts for public improvements:

"All contracts pertaining to public improvements, maintenance of public property, public printing, purchase of supplies and all other contracts of whatsoever character, involving an outlay as much as $500, shall be made by the board of commissioners and shall be based upon specifications provided by said board. Such contracts shall be entered into only after advertisement not less than five times in a weekly newspaper published in the city inviting competitive bids. * * *

"The awarding of a contract upon successful bids shall give the bidder no right of action or claim against the city upon such contract until the same shall have been reduced to writing and duly signed by the contracting parties."

The judgment rendered by the court was for the balance due under the original contract held by the plaintiff, and denied the excess claim, being for the water lines and storm sewer not shown on the original contract, in the amount of $9,500.

Plaintiff appealed from the judgment rendered, and asserts that it should have judgment for the full amount sued for, including the cost of the extra water lines and storm sewer under the authority of the case of Leininger v. Ward-Beekman & Brooks, 139 Okla. 292, 282 P. 467, on the theory that the city commissioners had a right to contract for such additional work as to extensions of the work under the original contract, and being of the same unit and plan, since such original contract provided that the city could order extra work to be done; and that the equities are in favor of the plaintiff, since the city of Wewoka has kept and is using such improvements.

The defendant city of Wewoka asserts that the judgment of the trial court was correct in that it gave judgment for the balance due the plaintiff under its original contract and disallowed everything claimed in excess thereof, and being for the additional water lines and storm sewer, urging that the plaintiff had no right to contract with the city of Wewoka other than as prescribed by its charter, and that any one who deals with a municipality does so at his peril, if it goes beyond the limitations imposed by law on such municipality.

The trial court evidently found, under the evidence introduced, that the construction of the additional water lines and extra storm sewer was not part of the original contract with the defendant, and in order to recover for the cost of construction of such additional water lines and storm sewer it was necessary for the plaintiff to show such com-

pliance with the city charter before recovery could be had.

We are of the opinion that the position of the defendant is correct in this matter, and the trial court having necessarily found under its judgment that the construction of the extra water lines and storm sewer were not an extension or addition to the work covered in the additional contract, it was necessary, as aforesaid, in order for the plaintiff to recover for the costs of such additional construction, to have obtained a contract therefor, after advertisement and competitive bidding, as provided by the city charter, and that the case of Leininger v. Ward-Beekman & Brooks is inapplicable here.

There being ample evidence to sustain such conclusions, and under the authority of the case of the United States Rubber Co. v. City of Tulsa, 103 Okla. 163, 229 P. 771, we are forced to conclude that the plaintiff dealt with the city of Wewoka at its peril as to all parts of the public improvements done without first complying with the provisions of its city charter.

We are further of the opinion that the judgment of the trial court necessarily found that all prior payments made by the city of Wewoka to the plaintiff were made to apply on the sums due to the plaintiff under the original contract, and that the claim of the plaintiff for the cost of the construction of the extra water lines and storm sewer being unlawful, the judgment of the court for the balance due on the original contract only was correct.

We therefore recommend that the judgment of the lower court be affirmed. It is so ordered.

The Supreme Court acknowledges the aid of Attorneys Finley McLaury, George L. Zink, and Clayton Carder in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Finley McLaury and approved by Mr. Zink and Mr. Carder, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.