Bob GRAHAM, Plaintiff,

v.

CITY OF OKLAHOMA CITY, a municipal corporation; and Lloyd A. Gramling, individually and in his official capacity as Chief of Police for the City of Oklahoma City; R.V. Wilder, individually and in his official capacity as Assistant Chief of Police for the City of Oklahoma City; William R. Chambless, individually and in his official capacity as Major, Oklahoma City Police Department; Walt Wilhelm, individually and in his official capacity as Major, Oklahoma City Police Department; Jeff Barnett, individually and in his official capacity as Master Patrolman, Oklahoma City Police Department; Jo Ann Randall, individually and in her official capacity as Detective, Oklahoma City Police Department; and Carolyn Lyon, individually and in her official capacity as City Manager's Office, Oklahoma City, Defendants.

No. Civ 84–1756–R.

United States District Court,
W.D. Oklahoma.

Feb. 3, 1986.

Michael Gassaway and Steven M. Angel, Hughes, Nelson & Gassaway, Oklahoma City, Okl., for plaintiff.

James R. Fuson, Acting Mun. Counselor, and Lawrence E. Naifeh, Robert D. Allen, Mun. Counselor, and Jonathan D. Woods, Asst. Mun. Counselor, Oklahoma City, Okl., for defendants.

## ORDER

DAVID L. RUSSELL, District Judge.

The Plaintiff has brought this action seeking redress for alleged deprivation of his liberty and property interests. Defendants City of Oklahoma City and Lloyd A. Gramling have filed a Motion for Summary Judgment pursuant to Rule 56, Fed.R. Civ.P. The motion has been fully briefed,

and the Court is now ready to dispose of it.[1]

The approach of movants is somewhat unique. This motion is denominated as one for summary judgment, and rightly so due to attachments of evidentiary material outside the pleading. However, there is no concise statement of undisputed facts in the motion as required by Local Rule 14(B). Nevertheless, it is apparent from the Defendants brief that they have moved for summary judgment without contesting the facts as pled in the Plaintiff's Complaint. Therefore, the Court will rely on the Plaintiff's Complaint and brief in opposition to the Defendants' motion for the following recitation of facts.

On February 5, 1984, the Plaintiff, an 18–year veteran of the Oklahoma City Police force, received a "trouble unknown" call and proceeded to the residence of Donald Edwards. When the Plaintiff arrived at the Edwards' residence, Lt. Jarrett, a superior officer, an AMCARE unit, and Mr. Churchill were there. Mr. Edwards was apparently deceased and his body was lying in the kitchen. There was some confusion as to where Mr. Churchill had found Mr. Edwards' body. Mr. Churchill first indicated that the body was found in the house and later that the body was found on the garage floor. The Plaintiff called the crime lab unit and, at the request of Lt. Jarrett, called Sgt. John Campbell, a friend of the Edwards' family.

When the crime lab unit arrived at the scene, the Plaintiff advised them that the body was lying on the garage floor and that a vehicle in the garage was running when Mr. Churchill arrived. Shortly after Sgt. Campbell arrived at the Edwards' residence, the Plaintiff proceeded to the north side briefing station to do his report. Prior to the Plaintiff's arrival at the north side briefing station, Sgt. Campbell called the Plaintiff by radio and asked him to call a private number. Upon reaching Sgt. Campbell at the private number, the Plain-

---

1. The Plaintiff has filed an Amended Complaint, and each movant has filed an Amended Answer. An examination of the Amended Complaint shows that, with the exception of additional parties, it is substantively identical to the original Complaint. Therefore, the Court finds that the Motion for Summary Judgment is not moot.

tiff was told to omit from his report anything about the domestic problems of Edwards and to show that Edwards' body was found in the dining room instead of the garage. Sgt. Campbell was an officer of higher rank than the Plaintiff. The Plaintiff prepared his report as Sgt. Campbell had instructed.

Inaccuracies in the Plaintiff's report were later brought to his attention, and he was requested to submit a supplemental report. This supplemental report set out the actual events surrounding the call to Edwards' residence, and the reason why the first report omitted these facts. An investigation was commenced by Internal Affairs of the Police Department, and a hearing was held by a Review Board on April 18, 1984. The Plaintiff was given notice of the hearing. However, the notice failed to recite any charges against the Plaintiff, and the City does not rebut the Plaintiff's affidavit that he was informed his only function at the hearing was as a witness, presumably against Lt. Jarrett and Sgt. Campbell. On April 26, 1984, the Plaintiff received a termination notice from Defendant Gramling. The reason stated for termination was intentional falsification of an official police report. On April 27, 1984, The Daily Oklahoman published a report on the dismissal of the Plaintiff and others. The article states that the Plaintiff was fired for submitting a "report containing false statements" regarding Edwards' death, and goes on to report that "[t]he board also found that Campbell directed the falsification and that Jarrett knew of the incident and failed to take corrective action...." [2]

**2.** Sgt. Campbell has brought an action against the Oklahoma City Police Department wherein he denies having told Officer Graham to submit a false report.

**3.** The due process requirements of both constitutions will be treated as identical as the Plaintiff gives no indication that the due process requirements of the Oklahoma Constitution differ from those of the United States Constitution.

**4.** The Oklahoma Supreme Court has determined that language identical to that found in the Oklahoma City Charter does not create a property interest. *Hall v. O'Keefe,* 617 P.2d 196

## I. *Property Interest*

The Defendants' motion asserts that the Plaintiff did not have a protectable property interest in his job, and, therefore, was not entitled to the due process guarantees under the United States Constitution and the Oklahoma Constitution.[3]

The Supreme Court examined a public employee's claim of a property right in continued employment in *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). There the Court stated:

> Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.

*Id.* at 577, 92 S.Ct. at 2709. Those independent sources may include state statutes, city charters, ordinances, written or implied contracts, customs, and policies. The Plaintiff's claim of entitlement requiring due process protection rests upon the Oklahoma City Police Department Operations Manual.[4] This Manual states that "permanent employees may be terminated only for cause." For a definition of "cause", the Manual references the Oklahoma City Personnel Policies, § 1202. Section 1202 has not been submitted to the Court, therefore, the Court will assume that the "for cause" language has no special meaning peculiar to the police department.

The Oklahoma Supreme Court has determined that the language "for good and

(Okla.1980). In addition, this district has determined that the Oklahoma City Personnel Policies does not create a property interest. *Swinney v. The City of Oklahoma City,* No. 84–439–W (W.D.Okla. May 21, 1984) [Available on WESTLAW, 1984 WL 7048] (order granting summary judgment). The Plaintiff's assertion that he has a property interest because a retirement plan was provided is not supported by citation to the plan itself or any relevant law, and, therefore, is not sustainable in the face of a Motion for Summary Judgment. *Cf. Williams v. West Jordan City,* 714 F.2d 1017, 1019 (10th Cir.1983).

sufficient cause" found in a city charter will give rise to a protectable property interest. *Umholtz v. City of Tulsa*, 565 P.2d 15, 23 (Okla.1977). The Oklahoma Supreme Court has not, however, addressed the situation where "for cause" language is found in a department manual and, if binding, would be a significant limitation on the broad powers of termination granted by the city charter.

As an initial matter, this Court finds that if the Plaintiff's had a property interest it would have arisen by contract in the form of the department manual. *See, Langdon v. Saga Corp.*, 569 P.2d 524 (Okla.App. 1977) (employee manual is unilateral offer to contract which can be accepted by continued employment). *Cf., Vinyard v. King*, 728 F.2d 428 (10th Cir.1984); *Miller v. City of Mission, Kansas*, 705 F.2d 368 (10th Cir.1983); *Malcak v. Westchester Park Dist.*, 754 F.2d 239 (7th Cir.1985).

Basic contract law teaches that authority to contract is an essential element of a valid contract. Under relevant law, it matters little whether the Court views the contracting parties as the Plaintiff and the police department, or the Plaintiff and the city. Under Oklahoma law "[w]hoever deals with a municipality does so with notice of the limitations on it or its agents' powers. All are presumed to know the law, and those who contract with it, or furnish it supplies, do so with reference to the law; and if they go beyond the limitations imposed, they do so at their own peril." *Cobb v. City of Norman*, 179 Okl. 126, 64 P.2d 901, 902 (1937) (Syllabus by the Court); *see also City of Tulsa v. Malloy*, 104 Okla. 281, 231 P. 256 (1924); *United States Rubber Co. v. City of Tulsa*, 103 Okla. 163, 229 P. 771 (1924). "The general rule, with regard to municipal officers, is that they have only such powers as are expressly granted by statute or by sovereign authority or those which are necessarily to be implied from those granted." 56 Am.Jur.2d § 276 (1971). Implied powers are only those which are "necessary to make the [express] power effectual or [are] essential to the performance of the duty" imposed. *Id.*

A municipal corporation is not bound by a contract made in its name by one of its officers or by a person in its employ, although within the scope of its corporate powers, if the officer or employee had no authority to enter into such a contract in behalf of the corporation. The principle by which a private employer is held liable for unauthorized acts of his agents on the ground that he has impliedly held them out as having a general authority to act for him has a much more limited application to municipal corporations. It is generally held that those dealing with the officers or agents of a municipal corporation must at their peril see to it that such officers or agents are acting within their authority, the reason for the distinction being that in the case of private parties the actual extent of authority is known only to principal and agent, whereas in the case of a municipal corporation it is a matter of record in the statutes of the state or in the proceedings of the municipal council. The municipal corporation cannot be made liable for breach of contract, services rendered, sales prices, or even the use and occupation of property acquired, when an official of the corporation has exceeded his power or authority.

*Id.* at § 504 (citations omitted).

With the foregoing general principles in mind, the Defendants have moved for summary judgment relying heavily upon the Oklahoma case of *Umholtz v. City of Tulsa, supra.* In *Umholtz*, the Oklahoma Supreme Court determined that presuspension procedural requirements drafted by the Tulsa Police Department and the Community Relations Commission and adopted by resolution by the Tulsa Board of Commissioners were ineffective as a limitation upon powers granted by the city charter. The court found that the city's approval of the procedures by way of adopting a resolution did not have the effect of law, as would an ordinance or charter amendment, and could not bind the city. *Cf. Henderson v. Sotelo*, 761 F.2d 1093 (5th Cir.1985); *Baden v. Koch*, 638 F.2d 486 (2nd Cir.1980); *Mareno v. Re*, 568 F.Supp. 17 (S.D.N.Y. 1983). The court went on to state: "Municipal officials empowered to perform certain

acts, cannot themselves limit their powers by imposing restrictions upon the exercise of their power in such a manner as to effect the legality of their actions." *Id.* at 22. *Cf., Wadley v. City of Purcell,* 601 P.2d 751, 754 (Okla.App.1979).

Although aspects of *Umholtz* have been rejected in this circuit, *see, Bailey v. Kirk,* 777 F.2d 567 (10th Cir.1985); *Poolaw v. City of Anadarko,* 660 F.2d 459 (10th Cir. 1981) ("limited" property interest no longer valid), its underlying theme—that a policy which limits the powers granted by the city charter must be passed by city officials in their legislative capacity—is still intact.

The Plaintiff's argument and authority wholly fail to address Oklahoma law as developed in *Umholtz.* He neither asserts that any legislative act was ever taken regarding the department Manual, nor attempts to present a factual basis upon which this Court could premise theories of ratification, legislative validation, or estoppel. The Plaintiff has failed to bring to the Court's attention any material which would justify a conclusion that his expectations would have been enforceable under Oklahoma law, and are, therefore, of constitutional magnitude.

In accordance with the foregoing, the Court finds that the Plaintiff did not have a protectable property interest in his employment,[5] and, therefore, did not suffer a violation of his due process rights in the manner of his termination.

## II. *Liberty Interest*

The Plaintiff also asserts a violation of his liberty interest. "Where the constitutional interest affected is liberty rather than property, the purpose of a due process hearing is solely to provide the person an opportunity to refute the charges and clear his name, not to recapture the previous employment. But if the employee does not challenge the substantial truth of the charges, no hearing is necessary."

*Williams v. West Jordan City,* 714 F.2d 1017, 1021 (10th Cir.1983) (citing *Codd v. Velger,* 429 U.S. 624, 97 S.Ct. 882, 51 L.Ed.2d 92 (1977)). *See also, Miller v. City of Mission, Kansas,* 705 F.2d 368, 373 (10th Cir.1983). The Plaintiff does not, either in his brief or by affidavit, challenge the substantial truth of the charges as stated in the termination letter or as released by the department and printed by the newspaper. A comparison of the newspaper article and the allegations of the Plaintiff's Complaint shows that each comports with the other in all material aspects. The termination letter, though much shorter, states no facts in contradiction to the Plaintiff's Complaint or the newspaper article.

Consequently, assuming without deciding the existence of a liberty interest, the Plaintiff is not entitled to the relief sought.

## CONCLUSION

In accordance with the foregoing the Court grants the Defendants' City of Oklahoma City and Lloyd A. Gramling, Motion for Summary Judgment.[6] The Court notes that the Plaintiff filed his Amended Complaint on October 21, 1985, naming all members of the Police Review Board as Defendants. The record reveals that no praecipe for summons was filed in accordance with Local Rule 7, and thus none of the new Defendants have been served. In the interests of simplicity, given the disposition of the summary judgment motion, the Court hereby dismisses without prejudice the Plaintiff's action as to the remaining Defendants. The Court is compelled to urge the City of Oklahoma City to effect conformity between the city charter and all employee handbooks as soon as possible in fairness to its employees.

---

5. Consequently, the Plaintiff's substantive due process claim fails *a fortiori.*

6. The Plaintiff's claim under 42 U.S.C. §§ 1985, 1986 were premised upon a violation of his property and liberty interest. The Court's determination that he had no property interest and that there was no violation of his liberty dispose

of his claims under §§ 1985 and 1986, notwithstanding that these claims could have been dismissed on the failure of the Plaintiff to plead himself within a protected class. *Cf. Silkwood v. Kerr–McGee Corp.,* 637 F.2d 743 (10th Cir. 1980).