## SCHOOL DIST. NO. 89 OF CADDO COUNTY v. VAN ARSDALE.

No. 5889—Opinion Filed June 6, 1916.

Rehearing Denied Jan. 30, 1917.

(162 Pac. 741.)

(Syllabus by the Court.)

1. **Schools and School Districts—Indebtedness—Act of Congress Governing Territories.**

Under the provisions of section 4 of an act of Congress approved July 30, 1886, c. 818, 24 Stat. 171 (U. S. Comp. St. 1913, sec. 3483), a school district of a territory cannot become indebted in any manner or for any purpose to any amount which in the aggregate, including existing indebtedness, exceeds 4 per centum of the value of the taxable property within such school district, to be ascertained by the last assessment for territorial and county taxes previous to the incurring of such indebtedness.

2. **Same—Contract for School Building—Invalidity—Rights of Contractor—Suit for Conversion.**

Where the aggregate indebtedness of a school district located in a territory is in excess of 4 per centum of the value of the taxable property within such school district as shown by the last assessment for territorial and county taxes, and the school district enters into a contract, void for the reason stated, for the erection of a schoolhouse, which, when completed, is converted by the school district, held, that a suit by the contractor or his assignee will not lie against the school district for its value, in a suit for its conversion.

Error from District Court, Caddo County; Frank M. Bailey, Judge.

Action by W. O. Van Arsdale against School District No. 89 of Caddo County.

Judgment for plaintiff, and defendant brings error. Reversed and dismissed.

R. U. Livesay and Theodore Pruett, for plaintiff in error.

Dyke Ballenger and A. J. Morris, for defendant in error.

TURNER, J. On January 15, 1913, in the district court of Caddo county, W. O. Van Arsdale, defendant in error, sued school district No. 89 in that county in damages for the conversion of a schoolhouse. After issue joined there was trial to the court and judgment for plaintiff for $638, and defendant brings the case here.

The judgment is sustained by neither the law nor the evidence. There is no dispute as to the facts. They are: That defendant school district was organized August 6, 1901. On January 8, 1903, one Lutes contracted with the district to construct for and sell to it a schoolhouse for $950, to be paid for in the warrants of the district, which he did and received his pay accordingly. When he presented his warrant to the treasurer of the district, he marked it "not paid for want of funds." On May 11, 1905, at the suit of a taxpayer, the district court held the warrant to be void, and perpetually enjoined the school district from paying it for the reason that the warrant greatly exceeded the debt limit of the district. On February 3, 1903, Lutes assigned all his right, title, and interest in and to the contract with the district and the warrant to the plaintiff, W. O. Van Arsdale, who, on May 29, 1912, demanded of the district a return of the building as owner thereof, together with the payment of $900, its reasonable rental value for nine years; and when the district replied on the back of the notice that it did not expect to do anything; that "its your move; if you want to sue, go ahead," he brought this suit.

If for no other reason, this suit should be reversed and dismissed upon the ground that there is no evidence reasonably tending to support the finding of the court that there was a conversion. The only evidence upon this point is that the building was erected within the confines of the district upon pillars so high that one could sit upright under it: that the building was in no way attached to the soil; that since completion, it was occupied as a school by the children of the district with the consent of all concerned up to a short time before this suit; that while standing unoccupied the plaintiff wrote the board of directors that "I hereby demand of said district the return to me of said school-house," and that then the board authorized its secretary to reply: "They don't expect to do anything; its your move; if you want to sue, go ahead." It seems this it not sufficient to constitute a conversion. But, assuming that it is, as the warrant was for more than 40 per cent. of the assessed value of the district and the value of the building as found by the court was far in excess of the 4 per cent. debt limit (Act Cong. July 30, 1886, sec. 4) this defendant cannot become thus indebted for the value of this building. This is nothing more than an attempt to do indirectly what cannot be done directly. Independent of the form of the action, plaintiff cannot recover for the value of this property. It seems his sole remedy, if any, is to remove it.

This case is ruled by Superior Mfg. Co. v. School Dist. No. 63, Kiowa County, 28 Okla. 293, 114 Pac, 328, 37 L. R. A. (N. S.) 1054. The first count in the petition was on a warrant issued by defendant to plaintiff to cover the purchase price of certain school supplies. The second count was for the value of the supplies which were received, retained, and used by defendant. The defense was as here, and, in holding plaintiff could not recover, the court said:

"An exhaustive examination of the authorities on this subject discloses that, while courts have been astute to require and compel private corporations to pay for property purchased ultra vires by their agents and officers, where it has been of value and retained and used, they have guarded zealously the rights of taxpayers under statutes similar to the one we are now considering, and have with practical unanimity held that persons dealing with public officers of municipalities do so at their peril, and are charged with full knowledge of the rights and powers of these agents and officers to make contracts which will bind their principals. The question has arisen in almost every conceivable form; but the conclusion reached by the courts has been one, and that, to relieve the municipality of any liability whatsoever, either on the contract or for the actual value of the property delivered and received. * * * While, under the circumstances arising in this class of cases, all the authorities deny the right of recovery either on contract or quantum meruit, still all agree that the municipality cannot keep the property, and that plaintiff is entitled to retake it. This seems to be the only remedy available."

We are therefore of opinion that the court erred in rendering judgment for plaintiff, and for that reason this cause is reversed and dismissed.

All the Justices concur.