**VAN ARSDALE-OSBORNE BROK. CO. v. SCHOOL DIST. NO. 16, COMANCHE CO.**

No. 9637—Opinion Filed March 2, 1920.

(Syllabus by the Court.)

**Schools and School Districts—Limitation of Indebtedness—Federal Act Governing Territories.**

Under the provisions of section 4 of an act of Congress approved July 30, 1886, ch. 818, 24 Stat. at L. 171 (U. S. Comp. Stat. 1918, sec. 3483), a school district of a territory cannot become indebted in any manner for any purpose to any amount which in the aggregate, including existing indebtedness, exceeds 4 per centum of the value of the taxable property within such school district, to be ascertained by the last assessment for territorial and county taxes previous to the incurring of such indebtedness.

Error from County Court, Comanche County; R. J. Ray, Judge.

Action by the Van Arsdale-Osborne Brokerage Company against School District No. 16 of Comanche County.   Judgment for defendant, and plaintiff brings error.   Affirmed.

C. A. Matson and H. A. Smith, for plaintiff in error.

W. C. Stevens, for defendant in error.

RAINEY, J.   On November 6, 1902, school district No. 16 of Comanche county, Okla., issued to the Van Arsdale-Osborne Brokerage Company a warrant in the sum of $126.50, which was subsequently for a valuable consideration assigned to the plaintiff in this case.   This action was to recover the principal of said warrant, together with interest from the date of its issue.   The defense interposed by the school district to the action was that the warrant was issued in violation of section 4 of an act of Congress of

July 30, 1886, ch. 818, 24 Stat. at L. 171 (Comp. Stat. 1918, sec. 3483), which is as follows:

"No political or municipal corporation, county, or other subdivision in any of the territories of the United States shall ever become indebted in any manner or for any purpose to any amount in the aggregate, including existing indebtedness, exceeding 4 per centum of the value of the taxable property within such corporation, county, or subdivision, to be ascertained by the last assessment for territorial and county taxes previous to the incurring of such indebtedness, and all bonds or obligations in excess of such amount given by such corporation shall be void."

At the conclusion of the evidence, the cause having been tried to the court without a jury, the court made findings of fact and conclusions of law in favor of the defendant, and judgment was rendered accordingly. The court found that the warrant was issued to the Van Arsdale-Osborne Brokerage Company in payment of a fire insurance policy issued by it and delivered to the officers of the school district, insuring the property of said school district for a premium of $126.50; but that at the time of its issue the outstanding indebtedness of the district for the year 1902 was far in excess of the 4 per cent. of the assessed valuation of the taxable property in that district, as shown by the last preceding assessment, and that the warrant was issued contrary to law.

To reverse the judgment it is contended by plaintiff in error that the indebtedness for which the warrant was issued falls under the classification of "current expenses" of the school district for the year 1902, and that the 4 per cent. limitation in the above cited act of Congress does not apply. Counsel for plaintiff in error seem to admit in their brief that two of our cases—Superior Mfg. Co. v. School District No. 63, Kiowa County, 28 Okla. 293, 114 Pac. 328. and Ray v. School District No. 9, Caddo County, 21 Okla. 88. 95 Pac. 480—are against their position, but insist that the first named case is unsound and cannot stand in the light of reason, and that the last named case "is of no value, since it is principally an historical account of the ups and downs the Supreme Court of Oklahoma has had in the matter." After a careful examination of these cases. we can not agree with counsel's criticism of the law as therein announced, and no sufficient reason has been shown why we should depart therefrom. In the comparatively recent case of School District No. 89, Caddo County, v. Van Arsdale, 63 Oklahoma. 162 Pac. 741, the doctrine of those cases was re-

affirmed, the court stating in the syllabus as follows:

"Under the provisions of section 4 of an act of Congress approved July 30, 1886, chap. 818, 24 Stat. 171 (U. S. Comp. Stat. 1913, sec. 3483), a school district of a territory cannot become indebted in any manner or for any purpose to any amount which in the aggregate, including existing indebtedness, exceeds 4 per centum of the value of the taxable property within such school district, to be ascertained by the last assessment for territorial and county taxes previous to the incurring of such indebtedness."

It therefore appears that the judgment of the trial court was right and should be and is affirmed.

OWEN, C. J., and KANE, PITCHFORD, JOHNSON, McNEILL, HIGGINS, and BAILEY, JJ., concur.