**BOARD OF COUNTY COM'RS OF McCURTAIN COUNTY v. WESTERN BANK & OFFICE SUPPLY CO.**

No. 16240—Opinion Filed Feb. 2. 1926.

On Petition for Rehearing, April 27. 1926. Rehearing Denied March 8. 1927.

**1. Appeal and Error—Discretion of Lower Court—Amendment of Pleading.**

The allowance of amendments to pleadings during the progress of a trial rests within the sound judicial discretion of the trial court, and its action thereon will not be dis-

turbed on appeal unless clear abuse of such discretion is shown.

**2. Municipal Corporations—Illegal Contract of Sale—Right of Seller to Recover Property.**

A municipality cannot acquire property under an invalid contract and plead the invalidity of the contract as a defense to an action thereon, and also retain the property where it is still in existence and in its possession. In such cases the courts will, in a proper proceeding, allow the seller of the property, if he has acted in good faith in the matter and without fraud, to recover possession.

(Syllabus by Pinkham, C.)

On Rehearing.

**3. Counties—Contracts for Merchandise in Excess of Debt Limit—Seller's Sole Remedy Against Contracting Officers.**

Section 8638. C. O. S. 1921, makes all contracts which fall within its inhibition void only as to the municipality. The provisions of the section become a part of each and every such contract as completely as if written therein. He who furnishes goods, wares, and merchandise or labor under contracts, express or implied, such as in said section referred to, has only one remedy in the courts and that is a suit against the officers. This remedy being exclusive, he cannot recover the goods delivered from the municipality. He parts with the title, both legal and equitable, knowing who must pay therefor; and at his own risk, he accepts the responsibility of the officers individually for his pay. If he does not see fit to pursue his remedy against them, he cannot recover either the value or the property from the municipality.

**4. Same—Judgment for Recovery of Property Reversed.**

On the record before this court, the judgment for the return of the property is reversed, with directions to dismiss plaintiff's petition.

(Syllabus by the Court).

Commissioners' Opinion, Division No. 5.

Error from District Court, McCurtain County; Harve L. Melton, Judge.

Action by the Western Bank Supply Company, a corporation, against the Board of County Commissioners of McCurtain County. Judgment for plaintiff, and defendant brings error. On rehearing, affirmed in part, and reversed, with directions, in part.

Tom Finney and M. F. Hudson, for plaintiff in error.

Shirk, Danner & Mills, for defendant in error.

Opinion by PINKHAM, C. This action was instituted in the district court of McCurtain county by the Western Bank Supply Company, a corporation, as plaintiff, against the board of county commissioners of McCurtain county, defendant below. By order of this court the Western Bank & Office Supply Company, a corporation, was substituted as defendant in error for the Western Bank Supply Company. The case was tried before the court, a jury being waived by the parties, and the trial resulted in a verdict and judgment for the defendant in error. The parties will be referred to as in the trial court.

The material facts briefly stated are: That on March 29, 1920, the Western Bank Supply Company entered into an agreement in writing with the board of county commissioners of McCurtain county to furnish all partitions, bank counters, and screens, according to specifications attached thereto, and all material and labor necessary for the installation of the same in the departments of the county treasurer, county clerk, and county assessor in the courthouse in McCurtain county for the sum of $11,887. It was agreed therein that said sum was to be paid in five equal payments in the form of county warrants due on the 1st of July each year thereafter, the last payment to be due July 1, 1924. On the same date the said Western Bank Supply Company entered into a contract with the said board of county commissioners to furnish all items in a schedule attached to said contract, consisting of desks, chairs, filing cabinets, etc., to be used in said courthouse. This contract called for the sum of $10,196.45 to be paid in five county warrants due on the first of September of each year thereafter, the last warrant being payable September 1, 1924. All items called for by these two contracts were duly received and installed in the courthouse of McCurtain county, and a formal acceptance of same was made by the board of county commissioners to the Western Bank Supply Company. This acceptance was signed the 7th day of March, 1921, by each of the three county commissioners and was sworn to by the chairman of the board of county commissioners.

The plaintiff filed its petition December 29, 1921, setting up said contracts and acceptance thereof, alleging a breach in the terms of payment and praying for judgment against the defendant in the sum of $19,024.16, and interest. To this petition the defendant filed its unverified answer, denying generally and specifically the allegations of the petition and alleging that said contracts were void. Plaintiff replied, denying

generally the allegations of the answer and filed an amended reply setting up matters in denial of defendant's answer. On May 1, 1924, the case was called for trial and the court granted the plaintiff permission at that time to file an amendment to its petition, which amendment alleges that the plaintiff entered into and fulfilled said contracts, relying on and believing them to be valid and legal, and that if the court should hold with the defendant's contention, that the contracts were and are void, the defendant well knew this at the time the contracts were entered into, and that the plaintiff should be entitled to the possession of said property; praying that if said contracts are void that it be decreed and ordered that the plaintiff have possession of said property and the reasonable rental value thereof. On the same date defendant filed its answer thereto, denying the allegations therein contained.

At the conclusion of the evidence the court found that the contracts were void because no funds were provided and no estimate was made to cover them, and because it sought to bind the future revenue of the county for future years, and is contrary to the statutes for that reason. The court also found that the evidence in the case shows that the Western Bank Supply Company, under a contract which the court holds is a void contract, furnished the courthouse practically from top to bottom. The court concluded that in equity and good conscience the plaintiff would be entitled to take back this property that has not been paid for; that the county has used the furniture for several years, and that outside of the small sum of $2,000, it has not invested anything in it. The court further held that the plaintiff cannot recover any rental, so that the county has had free use of the furniture and fixtures for some three or four years. The court further found there had been paid on the furniture something like $2,000, but that the county had used the furniture for three or four years and that therefore the county should not require the plaintiff to refund that money in view of the fact that the evidence shows that the rental would be far in excess of that amount. In the journal entry of judgment it was decreed that the contracts attempted to be entered into by and between the plaintiff and the defendant were void, being in violation of section 5809, C. S. 1921. It was further ordered and decreed that the plaintiff be given judgment for the possession of the property delivered to the defendant, particularly described in the judgment, except such as would substantially injure the building in removal. It was further ordered that the defendant deliver said property to the plaintiff, and that the plaintiff retain the $2,377.40 heretofore voluntarily paid it by defendant, and, further, that the plaintiff shall not have any rents or damages or be entitled to any further sums of money as against the defendant.

The defendant filed a motion for new trial, which motion was overruled and exceptions saved, and the cause comes regularly on the appeal of the defendant to this court by petition in error and case-made attached for review.

The first assignment of error presented and discussed in defendant's brief is that the court erred in permitting the plaintiff to file its amendment to the original petition over the objection and exceptions of the defendant. It will be observed that the original petition, declaring upon the two contracts entered into with the plaintiff by the board of county commissioners, alleged that there had been a breach in the terms of said contracts, and prayed for the amounts due thereunder. The defendant's answer set up the invalidity of these contracts. In its amendment to the petition. it is alleged that the plaintiff, relying on the validity of said contracts, had performed its obligation thereunder and had delivered the property called for under the contracts; that defendant had contended that said contracts were void, and that if in fact and in law they were void, defendant had misled and deceived the plaintiff, and therefore the defendant would be entitled to a return of the property thereunder. and praying that if said contracts be void. in that event the plaintiff have a decree for the possession of said property and for the reasonable rental thereon.

"The allowance of amendments to pleadings during the progress of a trial rests within the sound judicial discretion of the trial court, and its action thereon w'll not be disturbed on appeal un'ess cl ar abuse of such discretion is shown." Lamb v. Alexander, 83 Okla. 292, 201 Pac. 519.

Defendant cites a number of cases to the effect that, where a vendor having elected to treat a sale as absolute and title as having vested in the vendee, he cannot afterwards assert title and maintain replevin. Galbreath v. Mayo, 70 Okla. 252. 174 Pac. 517; D. M. Osborne & Co. v. Walther, 12 Okla. 20, 69 Pac. 953. The rule announced in these cases has. we think, no application here. In the instant case the defendant received the property under contracts which the court found were void, and which plaintiff alleged defendant knew were void at the time of their inception. In such a case it is gener-

ally recognized that the municipal corporation will not be allowed to deny liability on the contract and at the same time retain the property received thereunder, and if the seller has acted in good faith in the matter and without fraud, he will be permitted to recover the possession of the property. 24 R. C. L. 87; Chapman v. County of Douglas, 107 U. S. 348, 27 L. Ed. 378.

The defendant was in no manner prejudiced by the allowance of the amendment which the court permitted the plaintiff to file.

It is earnestly contended that, in view of the fact that the trial court found that no funds were provided and no estimate was made with which to pay for the property at the time the contracts were made, and that said contracts sought to bind the future revenue of the county, the court was without authority or power to grant any relief to the plaintiff. The argument is that the contracts in question were made in contravention of the Constitution and statutes of the state. The provision of the Constitution referred to is found in section 26, art. 10, which provides that:

"No county * * * shall become indebted * * * in an amount exceeding in any year the income and revenue provided for such year without the assent of three-fifths of the voters thereof. * * *"

The statutes pointed out in the brief of defendant provide in effect that it shall be unlawful for the board of county commissioners to make any contract for any indebtedness in excess of the estimate made and approved by the excise board for such purpose for such current fiscal year, or in excess of the specific amount authorized for such purpose by a bond issue. Any such indebtedness, contracts incurred, acknowledged, approved, allowed or authorized, in excess of the estimate made and approved for such purpose for such fiscal year shall not be a charge against the municipality whose officer or officers contracted such indebtedness, but may be collected by civil action from any official contracting such indebtedness. Section 8638, C. S. 1921.

Section 8639, C. S. 1921, provides in effect that an officer contracting any indebtedness in excess of the estimate made and approved by the excise board for such purpose for such fiscal year, or in excess of the specific amount authorized for such purpose by a bond issue, or who shall violate any other provision of this act, shall be deemed guilty of a misdemeanor, and upon conviction shall be fined and be removed from office.

The constitutional and statutory provisions cited were not complied with by the county commissioners before entering into the contracts with the defendant, and it is conceded by both parties to this suit that the contracts were invalid, and that no recovery can be had thereon; but the plaintiff is not attempting to recover the purchase price of the personal property sold to, accepted, and used by, the county. The plaintiff is not seeking to enforce the contracts directly or indirectly. It is this fact, disclosed by the record, that distinguishes many of the cases cited by defendant from the instant case. By its amendment to its petition the plaintiff asked the court that, in the event the contracts were declared to be void, it be permitted to remove the property. It prayed for equitable relief.

It is the theory of the defendant that the contracts being invalid, the county is therefore entitled to retain the property without paying for the same, for the sole reason that the county commissioners were without power or authority to enter into the contracts for the purchase of the furniture which it had installed in the courthouse. We are unable to agree with this proposition. The case presented by the record herein shows no moral turpitude on the part of any of the parties in entering into these contracts. There is evidence that before the contracts were entered into, the chairman of the commissioners sought the advice of the county's legal advisers, who informed the commissioner and the representative of the plaintiff that the contracts would be legal.

In sustaining the right of a builder of a bridge, erected under an invalid contract with the commissioners of a county, to remove the same because of nonpayment of the purchase price, the court, in Lee v. Board of County Commissioners of Monroe County (C. C. A.) 114 Fed. 744, said:

"But while the law affords no remedy, equity, although it will not enforce the contract or create a contract between the parties on account of the acceptance and retention of the property, when the property is in existence, and in the hands of the defendant, will not allow it to retain that to which it has no title whatever, and prevent the owners from reclaiming it. The case presented by the bill shows no moral turpitude in the transaction, and, although the bridge company should have ascertained whether each step provided by the statutes had been properly taken, the law placed upon the defendant the duty of taking those steps. It was necessary for it to comply with every provision of the statutes in that behalf before entering into these contracts,

and it represented to the bridge company that it had so complied, and thus misled the bridge company into entering into the agreement, the carrying out of which placed these bridges in the hands of the defendant. The complainant has no remedy at law, and to deny him equitable relief would be to enforce the contract on the part of the bridge company, and to allow the defendant to repudiate its part of the same contract, and thereby appropriate, without compensation, property to which it had no legal or equitable right. It was said by the federal Supreme Court in the case of Marsh v. Fulton Co., 10 Wall. 676, 684, 19 L. Ed. 1040, 1043: 'The obligation to do justice rests upon all persons, natural or artificial; and, if a county obtains the money or property of others without authority, the law, independent of any statute, will compel restitution or compensation.' "

The language used by the Supreme Court of the United States in Marsh v. Fulton Co., above quoted, has been cited with approval in many decisions of the Supreme Court of the United States. Chapman v. County of Douglas, supra; City of Louisiana v. Wood, 102 U. S. 294, 26 L. Ed. 153; Ward v. Board of County Commissioners of Love County, 253 U. S. 17, 64 L. Ed. 751.

The rule announced in the above cases is clearly recognized by this court in the case of Superior Mfg. Co. v. School Dist. No. 63, Kiowa County, 28 Okla. 293, 300, 114 Pac. 328, where it is said:

"While, under the circumstances arising in this class of cases, all the authorities deny the right of recovery either on the contract or quantum meruit, still all agree that the municipality cannot keep the property, and that plaintiff is entitled to retake it. This seems to be the only remedy available."

The above rule is quoted with approval in Garvin County v. Lindsay Bridge Co., 32 Okla. 784, 124 Pac. 324, and in School Dist. No. 89 of Caddo County v. Van Arsdale, 63 Okla. 82, 162 Pac. 741.

In the recent cases of U. S. Rubber Co. v. City of Tulsa. 103 Okla. 163, 229 Pac. 771., and Board of Commissioners of Tulsa County v. News-Dispatch Print. & Audit Co., 104 Okla. 260, 229 Pac. 771, this court held that where goods were sold to a municipality under an invalid contract the plaintiff could not maintain an action thereon.

In the U. S. Rubber Co. Case, supra, it is said:

"We are clearly of the opinion that the plaintiff sold the goods in question upon an illegal and void contract, and that the present action, in view of the admitted facts, cannot be maintained, and that the demurrer to plaintiff's evidence was properly sustained. Whether in any other form of proceedings the plaintiff can recover, we conclude that in the present action it can have no relief."

In the News-Dispatch Print. & Audit Co. Case, supra, it is held that:

"The plaintiff is not entitled to recover on a claim or contract against the county, unless it can be shown that the contract rests on some express or implied provision of the law."

These cases are not an authority for the position submitted by counsel for defendant, to the effect that a county obtaining the possession of personal property under an invalid contract may not only successfully defend against an action upon the contract to recover the purchase price, but by virtue of the invalidity of the contract it may retain the possession of the property without payment therefor. The case principally relied upon by defendant in its brief, in support of its contention that the court will not aid the plaintiff in the instant case to recover the property sold under the void contracts, is Fairbanks-Morse Co. v. City of Geary, 59 Okla. 22, 157 Pac. 720. It appears that the plaintiff in that case brought an action in replevin for the property covered by the contract. The court found that the contract on which the entire action was based was void as creating a debt in excess of the constitutional limits, and denied the relief prayed for. The case was affirmed by this court. There was no demand for equitable relief as in the instant case, and while expressions are used in the opinion in the case cited which apparently support the proposition contended for by defendant, it cannot be said that the vital question presented by the record in the present case was before the court in the case cited.

Counsel for defendant state in their brief that they do not desire to present any authorities under the fifth assignment of error, to the effect that the court erred in rendering judgment for the plaintiff for restoration of said property and refusing to restore to the defendant the sum of $2,377.40.

There was evidence that the reasonable rental value of the property here involved was about $1,100 per year, and that the county had had the use thereof for about three and one-half years. The court in his findings states that the county had had use of the property for between three and four years, and that a return of this one payment would not be required of the plaintiff for the reason that it was far less than the reasonable rental value of the property for that period of time.

We think the judgment of the trial court should be affirmed.

## On Rehearing.

BRANSON, V. C. J.   This was an action by the Western Bank & Office Supply Company, a corporation, against the board of county commissioners of McCurtain county (a suit against the county). An opinion was filed herein February 2, 1926. It is not deemed advisable or necessary to rewrite the entire opinion in this case. We approve it in part. Upon reviewing the record on petition for rehearing, however, we cannot approve that part of the opinion which authorizes the plaintiff to recover the property in the possession of McCurtain county. The said decision in the instant case denies the recovery of judgment for money prayed by the Western Bank & Office Supply Company, against said county, but directs a judgment, in accordance with the alternative prayer of the petition, for a delivery of the property.

A proper determination of the rights of the plaintiff to the recovery granted by the trial court involves section 26 of art. 10 of the Constitution of Oklahoma, as well as sections 8638 and 8639, C. O. S. 1921. Section 8638 provides, in effect, that no liability exists against a county or any municipality thereof on any contract made in excess of the estimate approved for the current fiscal year in which the contract is made. Section 8639 makes it a crime for any officer of the county or of any municipality thereof to contract such a debt. It is so fundamental that it needs no citation to establish it that all persons dealing with municipalities do so at their own peril. They are charged with knowledge of the limitations placed by law upon the authority of the officers of the same. Under the law of this state, any contract made as in the instant case, where the revenue has not already been provided for, paying the same during the fiscal year in which the contract is made, is absolutely void; that is, void to the extent that the courts will not entertain any alleged cause of action to render a judgment against the municipality, and the only remedy which the statute provides or permits is an action against the officers contracting such pretended indebtedness. This remedy against the officers is by the law written into every such contract, and is expressio unius est exclusio alterius, so far as resorting to any other remedy. The purpose of this provision of the statute is both penal and remedial. It is in the nature of a penalty against the officers for the purpose of deterring them from entering into such pretended agreements. It is in the nature of a remedy in that it permits the person furnishing such goods, wares, merchandise, or labor, to recover through the courts solely against the officers so prostituting their official authority.

As said, supra, section 8639 makes the attempt to enter into such contract a crime. Persons who have goods, wares, or merchandise or labor for sale to municipalities are charged with knowledge of how far the officers can go. If in their zeal to vend their wares, they pay no attention to the limitation of the officials with whom they deal, they do so at the risk of their ability to recover from the officers or of donating what they deliver to such muncipality, under such contracts, and remedy in the courts to recover in any wise, save and except against the officers who entered into such an agreement, is denied. It is clearly the purpose of the said constitutional provision and the said statutes that the courts will administer no remedy to any party to a contract made in violation of the debt limitation, who thereby becomes a party assisting in a violation of a criminal statute, save and except under that provision which authorizes the recovery against the officers entering into such an agreement. This clear intent of the Legislature precludes granting the alternative prayer in the instant case. The alternative prayer was, in effect, that if plaintiff could not be given judgment for the contract price of the furniture and fixtures delivered to McCurtain county, and to the board of county commissioners thereof, for furnishing the courthouse, the same be adjudged the property of the plaintiff and ordered returned to the plaintiff. The plaintiff was an encouraging party to this unlawful act. It is clearly the intent of the statute that no remedy can be given under such circumstances, save and except that specifically provided. The purpose of the said constitutional provision and of said statutes is to prohibit just what we find exists in the instant case. How can it prohibit it, if the person (the seller) who in his zeal to vend his wares illegally makes himself a party to such contract, and delivers the goods, wares, and merchandise, and in event he fails to recover a money judgment, holds it over the heads of the officers who have to use the articles furnished that the same will be recovered through court proceeding? The law requires that if these things be furnished, that they be furnished and paid for in the way the law has provided. It would force

the officers to violate the "pay as you go" policy prescribed by the law of Oklahoma for the government of the municipal subdivisions of the state. If persons who seek to supply such officers are not willing to accept in good faith the repeated decisions of this court that they are bound to take notice as to whether or not funds have been provided to pay for such articles, we are not justified in evading the law and lending the courts to assist them in evading the same; but, on the contrary, they voluntarily deliver the articles for the payment for which no provision is made by a tax levy in advance of such delivery. The courts cannot prevent their making such donations, if they do not see fit to resort to the personal obligation of the officers which the statute writes into such contracts.

We have searched the reported cases in vain to find where any such supply house or other person making such contract with municipal officers has ever sued the officers personally. We fail to find in the reported cases where any county attorney has prosecuted such officers for violating section 8639. But, whether enforced or not, the provisions of the law are so clear that no person dealing with municipal officers need be misled thereby to his prejudice. There can only be one reason why such supply house as the plaintiff in the instant case furnishes its goods when there is no tax levy to pay for the same already made and approved by the excise board, and that is, in its zeal to make the sale, it is willing to take the chance on the courts stultifying themselves, and granting it a judgment against the municipality.

The plaintiff had as much knowledge of the law as did the county commissioners. The repeated decisions of this court had held such contracts void. There is no decision of this court on the law since statehood that even intimates that the property can be returned, and the statute on its face provides that their remedy is a suit against the officers entering into such an agreement. If it had brought such a suit and recovered judgment, we would not in the least be reluctant to affirm the same, but it has sued the municipality, and not resorted to the remedy which the law gives it, and prayed for a return of the property, which could have no other effect except an indirect evasion by forcing a tax levy in a subsequent year to pay for this property, purchased in a previous year. To sanction this would be to strike down the plain intent and purpose of the provisions of the Constitution and the statutes above quoted.

The judgment of the trial court is reversed, in so far as it granted judgment to the plaintiff for return of the property, with direction to dismiss plaintiff's petition.

NICHOLSON, C. J., and HARRISON, LESTER, HUNT, and RILEY, JJ., concur.